RAILWAY V. SHOECRAFT.

Decided March 29, 1890.

1. *Statute of limitations—Burden of proof.*

Where, anticipating a plea of the statute of limitations, plaintiff alleges the bringing, within the statutory period, of a former action and its dismissal, and defendant denies the bringing of such suit, and pleads the statute of limitations in bar, the burden is upon the plaintiff to prove the allegation.

2. *Railway company—Killing stock—Statutory presumption of negligence.*

In an action against a railway company for negligently killing stock the uncontradicted testimony of defendant's witnesses that the killing was unavoidable is sufficient to rebut the statutory presumption of negligence.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

Shoecraft in March, 1885, sued defendant railway company for killing his stock in September, 1883. The statute provides that such suits shall be brought within twelve months after the killing occurred. Mansf. Dig., sec. 5340. Sec. 4497, Mansfield's Digest, provides: "If any action shall be commenced within the times respectively provided in this act, and the plaintiff therein suffer a non-suit * * * such plaintiff may commence a new action, from time to time, within one year after such non-suit suffered." Section 5544, Mansfield's Digest, provides: "The killing of stock on any railroad track shall be *prima facie* evidence that it was done

by the trains, and the *onus* to prove the reverse will be on the railroad company.''

*U. M. & G. B. Rose* for appellant.

1. The evidence makes a clear case of unavoidable accident. 36 Ark., 607; 37 Ark., 593; 39 Ark., 413; 40 Ark., 336; 41 Ark., 161; 48 Ark., 366.

2. The action was barred by limitation. Mansf. Dig., secs. 5540, 4497.

*H. A. Parker* for appellee.

Appellee brought suit but dismissed it, and began again within a year. This saved his rights under sec. 4497, Mansf. Dig.

The engineer's story is an exceedingly improbable one, and the jury did not believe it. This case is supported by 43 Ark., 816; 36 Ark., 87; 36 Ark., 451.

PER CURIAM. The complaint in this cause was filed March 7, 1885. The answer pleading statute of limitations was filed April 2, 1885. The complaint was amended September 18, 1885, by alleging that suit was brought on this cause of action November 13, 1883, and dismissed April 9, 1884. The amended answer filed March 20, 1888, denied the bringing and dismissal of the previous suit. There was no proof on the point, and the court should have instructed the jury that upon the evidence the action was barred by the statute.

> 1. Statute of limitations—Burden of proof.

Upon the facts the proof was wholly insufficient to warrant a recovery by plaintiff. The only suggestion of negligence on the part of defendant was that growing out of the statutory presumption. The testimony of witnesses, who are uncontradicted and not even cross-examined, overcome this presumption and show the killing of the cattle to have been unavoidable.

> 2. Killing stock on railway track—Presumption of negligence, how rebutted.

Reverse.