KANSAS CITY, FORT SCOTT & MEMPHIS RAILWAY COMPANY *v.* KING.

Opinion delivered May 6, 1899.

RAILROADS—STOCK KILLING—NEGLIGENCE.—The statutory presumption of negligence arising from proof that a horse has been killed by a train is rebutted by the uncontroverted testimony of the engineer that it was a cloudy night, that he could see only about 100 yards ahead, that he was keeping lookout, and on discovering the animal gave the stock alarm and put on brakes, that he did all he could to stop the train, which was going at the rate of twenty-five miles an hour, and could not have been stopped within less than 400 yards, and that after he discovered the horse he ran 100 yards down the track before he was killed. (Page 441.)

Appeal from Lawrence Circuit Court.

RICHARD H. POWELL, Judge.

*W. J. Orr*, for appellant.

The complaint, in order to state a cause of action, should state that the killing occurred in the county where the suit is brought. Sand. & H. Dig. § 6352; 55 Ark. 282; 45 S. W. 909; 38 Ark. 206. Appellant saved due exceptions to all the testimony as to where the animal was found, etc., and hence the

question of its competency is fairly before the court.   Pleading over does not waive the objection that the complaint does not state a cause of action.   43 Ark. 230; 44 Ark. 202; 49 Ark. 277.   The court erred in reading section 6207, Sand. &. H. Dig. to the jury, as an instruction.   The "lookout statute" is to be construed strictly.   52 Ark. 152.   The verdict is unsupported by the evidence.   The appellant rebutted the presumption of negligence, and then it lay upon appellee to prove it. 41 Ark. 163; 78 Ky. 621; 39 Ark. 413; 40 Ark. 336; 47 Ark. 321; 53 Ark. 96.

*R. A. King, pro see.*

The evidence sustains the verdict.   The venue of an action may be proved in circuit court, on appeal from justice court, though it does not appear on the justice's record.   55 Ark. 282.

BUNN, C. J.   This is a suit for damages in the negligent killing of a horse by one of the trains of the defendant company. Judgment for plaintiff in the sum of $65, and defendant appealed. This action was commenced before a justice of the peace, based on an account for said damages.   The defendant was duly summoned, but failed to appear on the day set for trial, and, after waiting three hours, the justice of the peace took the testimony, and found for the plaintiff in the amount claimed, to-wit, the sum of $65, and rendered judgment accordingly.   Thereafter, in due time and in due form, the defendant filed its affidavit, and took an appeal to the circuit court, where also judgment was rendered for plaintiff in the said amount of $65, and the defendant, saving all proper exceptions, appealed to this court.   After verdict, defendant filed its motion in arrest of judgment, as follows:   "The defendant moves the court to arrest the judgment herein, for the reason that the statement filed with the justice and relied on by the plaintiff does not state a cause of action or facts sufficient to constitute a cause of action."

The contention of the defendant, as more particularly stated in their brief and argument, is that the venue was not laid in the account filed, and there was no proof of the county in which the killing is alleged to have occurred, and no motion made to amend or amendment made; therefore there was nothing upon which to find a judgment.   Without disposing of this

question, which will not probably arise in a new trial, we proceed with the further statement of the case. The motion in arrest was overruled, and defendant excepted.

The defendant filed motion for new trial on four several grounds, the first being substantially the same as for the motion in arrest; the second, because the court read to the jury as an instruction section 6207 of Sandels & Hill's Digest (known as the "lookout statute"); the third, because the verdict is not supported by sufficient evidence; and the fourth, because the verdict is contrary to the evidence.

The question of the sufficiency of the evidence to sustain the verdict is the only one we need to discuss or consider. There is no contention that the horse was not killed by the engine at the time and place alleged in the complaint. The plaintiff's uncontradicted evidence shows his ownership of the animal and the value thereof; and the testimony of the engineer is the only testimony as to the circumstances attending the killing of the animal. He stated, in brief, that it was a cloudy, if not a dark, night, and that he could see the animal only about the distance of 100 yards ahead; that his headlight was an oil light; that the animal was standing on the track when he first saw it; that he was keeping a lookout, and at once he gave the stock alarm, which consisted of a succession of short whistles, and put on the brakes and the air, and did all he could to stop the train, which consisted of twenty-three or twenty-four heavily loaded freight cars, besides the caboose, and that he was running at a speed of twenty-five miles an hour, and could not have stopped his train within less than 400 yards; that the horse did not run more than 100 yards after he saw him; that he did not succeed in slowing up much, but he knew of nothing else he could have done to stop the train than he did do; that his stock alarm aforesaid frightened the animal.

We think the statement of the engineer is altogether reasonable, and not contradictory, and fairly removes the statutory presumption of negligence when an animal is injured by the running of a train, and that therefore there is not sufficient evidence to sustain the verdict, since the evidence of the engineer is unimpeached, and cannot be arbitrarily discarded.

Reversed and remanded.