## KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* CASH.

Opinion delivered October 15, 1906.

RAILROAD—STOCK-KILLING—UNREASONABLENESS OF ENGINEER'S TESTIMONY.— In a stock-killing case the jury were justified in disregarding the engineer's testimony to the effect that he was not negligent if his testimony was improbable.

Appeal from Benton Circuit Court; *John N. Tillman,* Judge; affirmed.

*Read & McDonough,* for appellant.

The court should have granted appellant's request for a peremptory instruction. The testimony of the engineer clearly removes the presumption of negligence. 67 Ark. 576, and cases cited.

*McGill & Lindsey,* for appellee.

The engineer's testimony was unreasonable, and the jury was justified in disregarding it. See 88 S. W. 584; *Id.* 593; *Id.* 599; *Id.* 851; *Id.* 961; 54 Ark. 214.

BATTLE, J. This action was brought by J. J. Cash against the Kansas City Southern Railway Company to recover the value of a horse of plaintiff killed on the track of the defendant by one of its trains. Plaintiff recovered judgment, and the defendant appealed.

It was shown by the evidence that the horse was the property of the plaintiff, and was killed by a train of appellant on its track; and that the track was straight for three-quarters of a mile at the place it was killed, and there was nothing to obstruct the view. A. D. Bateman, the engineer in charge of the engine of the train that killed the horse, testified that the horse was about one hundred feet from the train and about fifty feet from the track when he first saw it, and was traveling towards the track; that his train was going 35 miles an hour; that in his efforts to stop the train he only slowed it up to about 30 miles an hour; that when he first discovered the horse his engine was about 75 or 80 feet from the point where it was struck, and that when it got on the track it was so close that when it turned around to run it was struck; that it was impossible to stop the train from the time the horse came into view until it was hit; that the killing occurred between 11 and 12 o'clock at night; and it was impossible to see the horse any further than the 100 feet.

The law presumed that the horse was killed through and on account of the negligence of appellant, and it devolved upon the railroad company to remove that presumption. It attempted to do so by the testimony of the engineer in charge of the engine of the train that did the killing and failed. The jury were the judges of his credibility and the weight of his testimony, and they did not believe him. They evidently did not believe that the horse could travel fifty feet and get on the track and turn round before the engine could go eighty feet at 35 miles an hour. They had reasons for disbelieving him.

Judgment affirmed.