Kansas City Southern Railway Company *v.* Lewis.

Opinion delivered October 15, 1906.

1. Railroad—stock-killing—insufficiency of evidence.—A verdict against a railroad company for negligently killing a mule will be set aside for insufficiency of the evidence where the engineer's undisputed testimony showed that the mule was killed in a dense fog where he could not be seen ten feet ahead, and where nothing could have been done to prevent the killing after discovering the mule. (Page 397.)

2. Trial—submitting question to jury.—Where there was no evidence of negligence on the part of defendant, it was error to submit the question to the jury. (Page 398.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; reversed.

*Read & McDonough,* for appellant.

1. See argument in Ingram case.

2. Defendant's request for a peremptory instruction should have been granted, because the court had no jurisdiction, and because plaintiff introduced no testimony whatever tending to show any degree of negligence on the part of defendant.

*T. S. Osborne,* for appellee.

1. At common law this action could be brought anywhere. It is transitory, and may be brought in this State. 62 Ark. 254; 51 Ark. 559; 67 Ark. 295; 141 U. S. 127. The circuit court had jurisdiction, or acquired it when appellant entered appearance. *Supra;* 132 U. S. 141; 137 U. S. 98; 69 Ark. 664.

2. It was for the jury to pass upon the evidence of the engineer, who was not corroborated in his testimony as to the fog by any witness, and it was for them to say from the evidence whether the engineer and fireman kept a lookout or exercised proper care to avoid the injury. That the duty of railway companies to keep a lookout for stock on their tracks is recognized in Indian Territory, see 1 Ind. Ter. Rep. 646; 54 Fed. 481. The verdict will not be disturbed if there is evidence tending to support it. *Id.;* 54 Fed. 174; 49 Fed. 347.

*Read & McDonough,* for appellant in reply.

True, personal suits are transitory actions, and may be brought where the defendant may be served with process; but stock cases are local, made so by virtue of our statute.

HILL, C. J. This case has been presented with *Kansas City Southern Ry. Co.* v. *Ingram, ante,* p. 269, and the law as therein announced controls in this, but the facts are different. Appellee's mule was killed by appellant's freight train in the night time about the 22d of January, 1904, on appellant's track in Poteau Bottom in the Choctaw Nation, near the city of Fort Smith, Ark. Appellee's evidence showed the mule was found knocked off the railroad dump, evidently killed by the train. There were no footprints showing he had been on the track for any distance before reaching this point. Appellee's case rested upon evidence showing that the country was level and open, the track

straight, and the view along it unobstructed for more than a quarter of a mile either way, and that an object as large as a mule could be seen by a light thrown from a locomotive headlight a distance of a quarter of a mile. All of this was competent evidence, tending to prove negligence; and it was necessary to prove negligence, as there was no statutory presumption of negligence arising from the killing of the stock by the train, as there is in Arkansas. It may be noted that there is a dearth of evidence showing that the mule was on or·near the track sufficient time to have been seen by the train operatives if they had been on the watch, even if the fog had not been an element in the case. Concede, however, that appellee's evidence, unexplained, would support the verdict, yet the case must be reversed on account of the uncontradicted and undisputed evidence of the engineer excusing the failure to see the mule.

He says that a dense fog enveloped the Poteau Bottom on the night when he struck this mule; that such fogs were frequent at that season and place, and on this particular night he could not see an object ten feet ahead of the engine. He says he was running the train at its usual rate, about sixteen miles an hour, gave frequent blasts on the whistle on account of the fog, and that he saw the mule only an instant before he struck it, and he could not tell whether it was on the track or trying to cross it. He could do nothing to prevent injury in the instant elapsing from discovering the mule till it was struck. The engine was. equipped with a standard oil headlight, the usual kind on freight locomotives, and it was a good headlight.

This testimony was undisputed and uncontradicted, and not weakened by cross-examination, and no attack is made on the credibility of the witness. The testimony is reasonable and consistent in itself, and, if true, conclusively shows that there was no negligence in not earlier seeing the mule, and that its death was an unavoidable accident. There is nothing in appellee's testimony inconsistent with the entire truthfulness of the engineer's evidence. In fact, there is not a particle of evidence on either side impinging on the truth of any evidence on the other side. The court should not have submitted the case to the jury, for there was no issue of fact for its determination, and no state of facts about which reasonable men could draw different conclusions.

The jury did not have a right to arbitrarily disregard this testimony after it was submitted to them. *St. Louis, I. M. & S. Ry. Co.* v. *Landers,* 67 Ark. 514, and cases there cited.

Reversed and remanded for a new trial.