SOUTHERN EXPRESS COMPANY *v.* HILL.

Opinion delivered November 18, 1907.

1. RECEIPT—CONCL SIVENESS.—An express company's receipt showing that the package receipted for was marked to be carried to a certain place is only *prima facie* evidence, and may be contradicted by evidence that the package was marked to be carried elsewhere. (Page 372.)

2. CARRIER—NEGLIGENCE OF SHIPPER.—Where the uncontradicted testimony in a case shows that a package delivered to an express company to be carried to a certain place was misdirected by the sender, and thereby was lost, a verdict holding the express company liable for its loss will be set aside. (Page 373.)

Appeal from Howard Circuit Court; *W. V. Tompkins,* Special Judge; reversed.

*W. C. Rodgers,* for appellant.

1. The receipt is only *prima facie* evidence, and may be explained or contradicted. 5 Ark. 61; 43 *Id.* 232; 46 *Id.* 217; 58 *Id.* 181; 69 *Id.* 287; 82 Ark. 492.

2. The *prima facie* case made by the receipt was overcome by the evidence, leaving the verdict unsupported. 67 Ark. 514; 53 Ark. 96; 66 *Id.* 248; 66 *Id.* 439.

3. The box was sent to the wrong destination by direction and address of appellee's agent, and there can be no recovery. 36 Ark. 377; 48 *Id.* 106; 76 *Id.* 356; 81 Ark. 1; 3 Cal. (U. S. C. C.), 184; 3 Houst. (Del.) 233; 83 Pa. St. 22.

*Sain & Sain* and *W. S. McCain,* for appellee.

1. The burden was on appellant, and it failed to offer any testimony as to who marked the box. 77 Ark. 1.

2. The law of this case was settled on the first appeal. 81 Ark. 1.

3. There is no proof to sustain the averment in the answer that the box was marked by the appellee's agent. On this the lower court could well have directed the jury to find for plaintiff. The testimony is entirely consistent with the idea that appellant's employees marked the box, and the receipt shows conclusively that the mark was Nashville, Ark.

4. Under the opinion in first appeal (81 Ark. 1), the burden was on appellant to show that appellee or his agent marked the box "Tenn.," instead of "Ark." 77 Ark. 1. The doctrine of *prima facie* presumption only applies to party having the burden of proof. The recital in the receipt, and the evidence of appellant's agents, made an ordinary case of conflicting evidence, and the jury *specifically found* for appellee. This ended the controversy.

Battle, J. This is an action against the appellant for the alleged loss of certain personal property. The complaint alleges that the defendant, Southern Express Company, is engaged in carrying freight and express for hire from Memphis, Tenn., to Hope, Ark., and was so engaged on March 31, 1904. That on that day the Memphis Millinery Company delivered to defendant a box of clothing, properly consigned to J. W. Hill at Nashville, Ark., to be thence transported and delivered to the consignee. That the box contained wearing apparel of plaintiff Hill of the value of $210, and was never delivered to the plaintiff at Nashville, Ark., nor to any other person for him. That appellant refused and neglected to deliver the goods to appellee, as it contracted to do, to the damage of plaintiff in the sum of $210.

The defendant answered and denied "that on March 31, 1904, or at any other time, the Memphis Millinery Company delivered to it a box of clothing properly consigned to J. W. Hill at Nashville, Ark., to be thence carried by defendant and delivered to Hill; alleged that the box was delivered to defendant marked J. W. Hill, Nashville, Tenn.; that it was promptly transported to that place according to the address shown on the box, and that defendant made every reasonable effort to make delivery of the box at Nashville, Tenn.; alleged that the box was marked J. W. Hill, Nashville, Tenn., by Mr. T. D. Johnson, who, in addressing and shipping the box, acted for and as the agent of plaintiff Hill; * * * that in billing out goods shipments are always billed from the marks upon the freight to be carried, and that the waybill in this instance, in conformity to this custom, was duly made out to Nashville, Tenn., from the marks on the package itself placed thereon by Johnson acting for the plaintiff Hill; that the receipt is always given to the shipper, and can not be availed as a guide in billing out freight; that, in cases of a conflict between the address on the goods shipped and any papers in connection therewith, the directions on the package to be transported control; that, if the box had been marked Nashville, Ark., it would have gone there, and that it went to Nashville, Tenn., instead, by reason of the address thereon being Nashville, Tenn.; that this misdirection of the box by the agent of the plaintiff was a direct and con-

tributing cause to the box going to Nashville, Tenn., and the loss thereof."

Plaintiff's right to recovery depended upon how the box in controversy was marked. If it was marked J. W. Hill, Nashville, Tenn., without other or further directions as to how it should be shipped, of which there was no evidence, he would not be entitled to recover. How was the box marked?

J. W. Hill, in his own behalf, testified: "I live at Nashville, Arkansas. Prior to March 31, 1904, I had been living in Memphis, Tennessee, for about sixty days. On leaving there I packed my wearing apparel and left it in charge of the Memphis Millinery Company, to be expressed to me at Nashville, Arkansas. * * * I was not present when the box was received by the Express Company. I did not see it marked. I do not know what marks were on it."

T. D. Johnson, for plaintiff, testified: "I live at Memphis, Tennessee, and know the plaintiff. I delivered for J. W. Hill a box of clothing to be expressed from Memphis, Tennessee, to Nashville, Arkansas, and the agent gave me a receipt for it. * * * I am not positive whether the above-named package was marked Nashville, Arkansas, or Nashville, Tennessee."

The receipt contained this statement: "Received of Memphis Millinery Company one box, valued at..........dollars, and for which amount the charges are made by said company, marked J. W. Hill, Nashville, Arkansas."

G. W. Agee, for defendant, testified: "I am superintendent of the western division of the Southern Express Company at Memphis, Tennessee, including the business of the Memphis office; have sustained this relation to the defendant since 1887. * * * The original waybill for this particular shipment (box in controversy) is copied in an impression book—that is, an impression copy taken of it, which is the same in all repects as the original waybill—and I have examined the said billing for the said shipment, and my testimony is given upon my personal examination of the waybill, which is made for Nashville, Tennessee. I reside at Memphis, Tennessee, and can state from my personal knowledge that this box was waybilled to Nashville, Tennessee, and the correspondence concerning it shows

that it arrived there, and further correspondence that it was sold at 'old hoss sale.' "

T. J. Clunon, for defendant: "The box in controversy in this case was addressed Nashville, Tennessee. In billing out shipments the waybills are made from the address on the package. The box in controversy went to Nashville, Tennessee, because it was so marked. It was sold at 'old hoss sale' at Winchester, Tennessee, November 7, 1904. From March 30, 1904, to the time of the events of which I testify, I was waybill clerk of the Southern Express Company to September 6, 1904. * * * I saw the box in controversy after it reached Nashville, Tennessee."

J. J. Vaughan, Jr.: "The box of clothing in controversy was marked Nashville, Tennessee. Shipments by express are billed out from the address as it appears on the package to be shipped, and not by receipt. This shipment went to Nashville, Tennessee, because the box was so marked. * * * From March 30, 1904, to the time of testifying, I was assistant 'off clerk' of the defendant. * * * Mr. T. J. Clunon was present when I learned of the shipment. I had no special connection with it. I did not sign any receipt for it or see any one else do so. I merely noticed the package. I did see the box when it arrived at Nashville, Tennessee. I was connected with the Nashville, Tennessee, office."

R. A. Odom, for defendant: "The box in controversy was addressed Nashville, Tennessee. Packages are billed from the address on the shipment. This box came to Nashville, Tennessee, because it was so billed. * * * From March 30, 1904, to the time of the events of which I testify, I was receiving clerk of the defendant. * * * The package was shipped in regular course to Nashville, Tennessee."

The court, at the suggestion of the defendant, propounded the following question to the jury: "Was the box marked Nashville, Tennessee, or Nashville, Arkansas?" The jury returned the following verdict: "Was the box marked Nashville, Tennessee, or Nashville, Arkansas? Answer: Nashville, Arkansas." The verdict was also for the plaintiff, and his damages were assessed at $100.

The receipt was only *prima facie* evidence that the box in

controversy was marked Nashville, Arkansas. This evidence was contradicted by the testimony of all the witnesses who saw and remembered how the box was marked, and their testimony is corroborated by the witness Agee. There is no conflict in the testimony of witnesses in this respect. The veracity of these witnesses is unimpeached. Their testimony is consistent and reasonable. There is no reason why the appellant should ship the box to Nashville, Tennessee, when it was marked to Nashville, Arkansas, and the only reasonable explanation of the shipment to Nashville, Tennessee, was that it was so marked. The evidence clearly shows that the statement in the receipt was a mistake. The evidence was sufficient to overcome the presumption or statement in the receipt, and leaves the verdict of the jury unsupported by evidence. See *Railway* v. *Shoecraft,* 53 Ark. 96, 97; *St. Louis, I. M. & S. Ry. Co.* v. *Bragg,* 66 Ark. 248, 250; *Kansas City, Ft. S. & M. Ry. Co.* v. *King,* 66 Ark. 439, 441; *St. Louis, I. M. & S. Ry. Co.* v. *Landers,* 67 Ark. 374; *Kansas City Southern Ry. Co.* v. *Lewis,* 80 Ark. 396.

Judgment reversed and action dismissed.