ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. O'HARE.

Opinion delivered January 25, 1909.

RAILROADS—KILLING OF ANIMAL—NEGLIGENCE.—Where the testimony of the engineer in charge of a locomotive engine was consistent, reasonable and uncontradicted, and showed that the killing of plaintiff's horse was unavoidable, a judgment in plaintiff's favor will be reversed.

Appeal from Monroe Circuit Court; *Eugene Lankford*, Judge; affirmed.

*S. H. West* and *J. C. Hawthorne*, for appellant.

1. The *prima facie* case of negligence made by proof of the killing was clearly overcome by the testimony of the engineer. 78 Ark. 234; 48 *Id.* 366.

2. The verdict should be set aside for insufficiency of the evidence. 67 Ark. 514; 80 *Id.* 514; 110 S. W. 595.

*H. A. Parker*, for appellee.

1. The doctrine laid down in *Ry. Co.* v. *Hendricks*, 53 Ark. 203, governs this case.

2. The bell was not rung as required by law.

3. The testimony is ample to sustain the judgment. 58 Ark. 521-2; 80 *Id.* 273-4.

HART, J.   This is an appeal by the railway company from a judgment recovered against it in the Monroe Circuit Court by J. N. O'Hare for killing his horse.   The railway company admitted that the horse was struck and killed by one of its trains, but sought to overcome by testimony the *prima facie* case of negligence against it.   For this purpose W. A. Lee, the engineer, testified substantially as follows:

"Had been a locomotive engineer for about twenty-three years; he was, on the morning of the 20th of February, 1908, engineer on passenger train No. 4, going north; about 3:30 A. M. on arriving at Keevil he whistled for the town and crossing. There were five or six cars on the side track, and the horse jumped out from behind the cars on the side track, and made two jumps on the track, and was hit.   The train was going at the rate of about forty-five or fifty miles an hour.   Keevil was not a stop for that train.   The horse was about ten feet from the track when he first saw it.   The side track was about eight feet from the main track.   When he saw the horse, he shut off, and did not have time to do anything else, did not apply the brakes because he had no time to do so.   He saw the horse perhaps about three seconds before he struck it.   The horse was on the right, or engineer's, side.   He understood this was the horse belonging to O'Hare..   Witness said the accident was about 100 or 150 yards beyond the crossing.   He had blown the whistle and rung the bell, but the bell ceased to ring after he passed the crossing.   He could see in front of his engine from 800 to 1,000 yards.   Headlight was burning.   Appliances on the engine were in proper condition, and he was keeping a lookout."

As has been often said by this court, the statutory presumption of negligence was fully overcome by the testimony of the engineer, which was consistent, reasonable and uncontradicted in all essential points.

O'Hare testified that there was another crossing about 250 yards beyond the place where the horse was killed, and his counsel urges negligence in the failure of the engineer to ring the bell while approaching it.   The testimony does not show that this was a public road crossing.   Besides, the engineer says that he kept ringing the bell until he passed the Keevil crossing, and that the horse was killed 100 or 150 yards beyond it.   The train was

running at the rate of forty-five or fifty miles per hour, and only a very few seconds could have elapsed from the time the engineer ceased to ring the bell and the time when the horse was struck. Thus it will be seen that the failure to ring the bell had no connection whatever with the killing of the horse. Hence there was not sufficient evidence to support the verdict.

The judgment is reversed, and the cause remanded for a new trial.