DAVIS *v.* PORTER.

Opinion delivered May 15, 1922.

1. RAILROADS—KILLING OF ANIMALS.—SUFFICIENCY OF PROOF.—In an action for killing of a bull by defendant's train, evidence *held* insufficient to sustain a verdict for the plaintiff.

2. RAILROADS—PRESUMPTION OF NEGLIGENCE—WHEN OVERCOME.—In an action for the killing of a bull by defendant's train, testimony of fireman and conductor that the bull was hit by the rear coach after the engine had passed *held* sufficient to overcome the statutory presumption of negligence arising from proof of killing by a train.

3. RAILROADS—DUTY TO STOP TRAIN.—Where a bull was hit by defendant's train after the engine had passed him, and there was evidence that he struck the rear coach, there was no duty to stop the train or to slacken its speed.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

STATEMENT OF FACTS.

Appellee sued appellant to recover damages for the alleged negligent killing of a Red Poll bull by one of appellant's passenger trains.

Upon the part of appellee it was shown that the body of the bull was found near the depot platform of the road at Jasamine, White County, Ark. The bull belonged to

appellee, and had been turned loose with a chain around its neck fastened to its left front foot. The lower jaw of the bull was knocked off and its hips were skinned up.

E. J. Spruell, a locomotive fireman, was the principal witness for the appellant. According to his testimony, he was fireman on the passenger train which struck the bull in question and killed it. While the train was running through Jasamine, which is a flag station, the fireman looked back to see if there were any signals given to stop the train. He saw the bull, which was walking toward the train. Just after he saw the bull it got close enough for the steps of the third coach to hit it. The animal was struck by the passenger steps on the fireman's side of the train. It would not have been possible to have stopped the train after the fireman first saw the bull. The train was running slowly at the time.

According to the testimony of the conductor of the train, he did not see the bull killed and first knew of the accident when he saw the steps on the front end of the rear coach broken and split up. This was on the fireman's side of the train. There was some hair and a little blood on the steps.

The jury returned a verdict for appellee, and to reverse that judgment appellant prosecutes this appeal.

*Thos. S. Buzbee, H. T. Harrison* and *C. L. Johnson,* for appellant.

The testimony of the fireman and engineer overcomes the statutory presumption of negligence, and the case should be reversed. The case is controlled by *Railway* v. *Landers,* 67 Ark. 514-516, and *Lane* v. *Railway,* 78 Ark. 234-237.

No brief for appellee.

HART, J. (after stating the facts). The only ground urged for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict. In this contention we think counsel are correct. The statutory presumption of negligence arising from the killing of

the bull by the operation of the train was overcome by the evidence of the fireman and the conductor. It may be stated in this connection that the engineer was dead at the time of the trial.

According to the testimony of the fireman, the bull was killed by the front steps of the third coach striking him after the engine had passed by. The fireman was looking back to see if any signals should be given him to stop at the station. It appears that the bull had his head chained to his front foot. The fireman saw the bull struck by the steps of the coach and killed. He could not have stopped the train after he first saw it. His testimony is consistent in itself and not contradicted by any other testimony in the case. In fact, it is corroborated by that of the conductor, who testified that he discovered that the coach in question was broken and had blood and hair on it after the train had passed the station.

The public interest requires that trains be run on time and that railroads dispatch their business promptly. Under the circumstances it was not necessary to stop the train or to slacken its speed.

The case falls within the rule announced in *St. L. I. M. & So. Ry. Co.* v. *Landers,* 67 Ark. 514, and *Lane* v. *Kansas City Sou. Ry. Co.,* 78 Ark. 234.

It follows that the court erred in not directing a verdict for appellant, and for that error the judgment will be reversed, and the cause remanded for a new trial.