NELSON *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered February 14, 1927.

1.  APPEAL AND ERROR—TEST OF SUFFICIENCY OF EVIDENCE.—In testing the legal sufficiency of evidence to support a verdict, the Supreme Court gives to the testimony which tends to support it its highest probative value.

2.  EVIDENCE—WEIGHT OF PARTY'S TESTIMONY.—The positive testimony of an interested party will not be treated as undisputed.

3.  APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The verdict of a jury upon conflicting testimony is conclusive.

4.  RAILROADS—KILLING OF DOG—INSTRUCTION.—In an action for damages for killing a dog by a railroad train, refusal of an instruction that, if the dog was killed by the train, it is immaterial what part of the train killed it, was proper where it was an issue of fact whether the dog was struck by a train or had run under the train.

5.  RAILROADS—KILLING OF DOG—INSTRUCTION.—In an action for damages for killing of a dog by a railroad train, an instruction that, if the dog ran under the train after the engine had passed, the railroad company would not liable, *held* proper.

Appeal from Jackson Circuit Court; *Dene H. Cole-man,* Judge; affirmed.

*E. F. Duncan,* for appellant.

*Thos. B. Pryor* and *H. L. Ponder,* for appellee.

SMITH, J.   This is an action to recover damages on account of the alleged negligent killing of a dog, the property of appellant, plaintiff below.   There was a verdict and judgment in favor of the defendant railroad company, and this appeal is prosecuted to reverse that judgment.   This is the second appearance of the case in this court, the opinion on the former appeal being found in 160 Ark. at page 568, 255 S. W. 10.

At the trial from which the first appeal came the court had given, over the plaintiff's objection, the following instruction: "The burden of proof is upon the plaintiff to show that the employees of the defendant, in charge of the engine pulling the train which killed a dog, carelessly, negligently or willfully ran over the dog, before you would be authorized to find for the plaintiff." The court had refused to give, at plaintiff's request, an

instruction to the effect that proof that the dog was killed by the running of the train made a *prima facie* case of negligence and imposed upon the railroad company the burden of showing that it had not negligently killed the dog. It was held on the former appeal that the refused instruction should have been given, and that the instruction given was erroneous.

Upon the remand of the cause, instructions were given which conformed to the opinion on the first appeal, and the only question presented on the appeal now before us is whether the testimony on the part of the defendant was sufficient to overcome the statutory presumption of negligence.

Charles Nelson, a witness for the plaintiff, testified that he was picking cotton on the railroad right-of-way about ten yards from the track. That the train whistled for the crossing, but did not whistle for the dog. Witness saw the dog going towards the track, and in some weeds near the track, just before the train passed, but did not see the train strike the dog. Witness looked for the dog after the train passed, and, not seeing it, went down the track, and found that the dog had been decapitated, and that its body was on one side of a rail and its head on the other.

Plaintiff, testifying in his own behalf, stated that the dog was in front of the train, and, when he saw that the dog was about to be struck, he turned his head to avoid seeing it killed. The train which killed the dog was identified by plaintiff as a long through freight train, known as the "Red Ball," and the engineer and fireman in charge of this train on the day the dog was killed both testified that they did not strike a dog on that trip. It is true, they admitted they had no independent recollection of what happened that day, except as their recollection was refreshed by the trip report which they were required to make and had made. They had examined their reports and found that they had not reported the killing of a dog, but they testified that they would have

reported the killing of a dog had they been aware of that fact.

The engineer was positive that the engine had not struck a dog, as he had kept a constant lookout, although he could not say whether some other part of the train had done so. The Red Ball train carried forty-five to fifty cars, and one of the rear cars could have struck the dog without witness knowing it. The fireman was equally as positive that the engine had not struck a dog.

In testing the legal sufficiency of the evidence to support the verdict, we give the testimony which tends to support it its highest probative value, and, when this is done, we are unable to say that the jury was not warranted in finding that the railroad company was not guilty of negligence. It is true, plaintiff himself testified that he saw the dog in front of the train, but the jury evidently did not credit this testimony. As this witness was party plaintiff, it cannot be said that his evidence must be treated as undisputed. *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. 52, 12 Ann. Cas. 243. Moreover, plaintiff's testimony is contradicted by that of the engineer, who stated that he was keeping a lookout, and did not see the dog. The jury has passed upon this conflict, and the verdict is decisive of the question.

Plaintiff requested the court to give an instruction reading as follows:

"You are further instructed that, if you find from a preponderance of the evidence in this case that the plaintiff's dog was killed by the defendant company's train, it is immaterial as to what part of the train killed the dog."

This instruction was refused, and the court charged the jury, on the contrary, that, if the dog ran under the train after the engine had passed it, the railroad company would not be liable.

No error was committed in giving one and refusing the other of these instructions. They must be read in the light of the facts to which they were applied. The

issue of fact was whether the dog was struck by the engine or had run under the train. If the engineer told the truth, he was keeping a lookout, and did not see the dog, possibly because it was in the weeds where the witness Charles Nelson last saw it alive when the engine passed it, and there was no liability. Under these circumstances it would not do to say that it was immaterial that cars following the engine killed it, for no lookout, however constant or effective, could have prevented the dog from running under the train. To hold otherwise would render a railroad company liable for any animal killed, regardless of the circumstances under which it was killed, and the law has never been so declared.

As no error appears, the judgment must be affirmed, and it is so ordered.