St. Louis-San Francisco Railway Company *v.* Harmon.

Opinion delivered March 25, 1929.

E. T. Miller, E. L. Westbrooke, Jr., *and* E. L. West- *brooke, for appellant.*

Oscar E. Ellis, *for appellee.*

Smith, J. This appeal is from a judgment in appellee's favor for the value of a dog which was killed by one of appellant's trains. No witness who testified on behalf of appellee saw the dog struck, but the testimony on appellee's behalf was sufficient to support the finding that the dog had been run over by a train, and appellee relied upon the statutory presumption of negligence arising from the fact that a train had struck the dog. The question for decision is therefore whether

the undisputed testimony overcomes this presumption. We think it does.

The only witness who knew how the train came to strike the dog was B. H. Nelson, who testified as follows: Witness was the rear brakeman on the local freight train which struck the dog. About 8 p. m. on January 17 the train was standing on the main line track, when witness, who was on the rear end of the caboose, gave a signal for the train to back up. Witness testified that he "took the engine and caboose and started backing up, and saw the dog was standing between the tracks, and, as the caboose was passing the dog, it ran under the rear end, and was run over." The dog was about four or five feet from the caboose when it started across the track under the caboose. Witness did not see the dog as it started across the track, but "saw the dog standing there as we started to pass, but was not looking at the dog when he started under. When I heard the dog yelp I looked, and saw it kick back out from under the train." There was nothing he could have done, or that could have been done by the train crew or engine crew, that would have prevented the injury to the dog, as the caboose was being backed up in the yard, and the dog ran under the caboose from the side, and was run over. No witness disputed or contradicted this testimony or testified to any fact which even tended to contradict the brakeman's testimony or to afford any just ground for the inference that the brakeman had not told the truth as to the manner in which the dog was injured.

We have said many times that the jury is the judge of the weight of the testimony and the credibility of the witnesses; but we have also said that the jury has no right to arbitrarily disregard the testimony of any witness, and we think it was arbitrary for the jury to disregard Nelson's testimony. It is consistent in its entirety, and no fact or circumstance was offered in evidence which contradicts it or conflicts with it. It was therefore arbitrary for the jury to cast this testimony

aside. *Davis* v. *Porter*, 153 Ark. 375, 240 S. W. 1077; *Kansas City Sou. Ry. Co.* v. *Griffin*, 141 Ark. 625, 217 S. W. 801; *Kansas City Sou. Ry. Co.* v. *Whitley*, 139 Ark. 255, 213 S. W. 369; *Steptoe* v. *St. Louis, I. M. & Southern Ry. Co.*, 119 Ark. 75, 177 S. W. 417; *St. Louis, I. M. & Sou. Ry. Co.* v. *Belcher*, 117 Ark. 638, 175 S. W. 418; *St. Louis, I. M. & Sou. Ry. Co.* v. *Spillers*, 117 Ark. 483, 175 S. W. 517; *St. Louis, I. M. & Sou. Ry. Co.* v. *Humbert*, 101 Ark. 532, 142 S. W. 1122; *St. Louis, I. M. & Sou. Ry. Co.* v. *Ramsey*, 96 Ark. 37, 131 S. W. 44, Ann. Cas. 1912B, 383; *Paragould & M. Ry. Co.* v. *Smith*, 93 Ark. 224, 124 S. W. 776; *St. Louis S. W. Ry. Co.* v. *O'Hare*, 89 Ark. 120, 115 S. W. 942; *St. Louis & S. F. Ry. Co.* v. *Minor*, 85 Ark. 121, 107 S. W. 171; *Kansas City Sou. Ry. Co.* v. *Lewis*, 80 Ark. 396, 97 S. W. 56; *Kansas City Sou. Ry. Co.* v. *Cash*, 80 Ark. 284, 96 S. W. 1062; *Lane* v. *Kansas City So. Ry. Co.*, 78 Ark. 234, 95 S. W. 460; *St. Louis, I. M. & So. Ry. Co.* v. *Landers*, 67 Ark. 514, 55 S. W. 940; *Kansas City, F. S. & M. Ry. Co.* v. *King*, 66 Ark. 439, 51 S. W. 319; *Railway* v. *Shoecraft*, 53 Ark. 96, 13 S. W. 422.

According to Nelson's testimony, he saw the dog in a place of safety between the tracks and four or five feet from the track on which the caboose was standing. Nelson saw the dog standing there as the engine and caboose started backing up. He was keeping a lookout, and was keeping it efficiently; indeed, he was the only person on the train who could have kept it. Witness did not see the dog start across the track, but he heard it yelp, and, as he looked, he saw it "kick back out from under the train."

The case is governed by that of *Nelson* v. *Missouri Pacific R. R. Co.*, 172 Ark. 1053, 292 S. W. 120. In that case a dog ran, according to the finding of the jury, under a train after the engine had passed it. In that case the plaintiff had requested the court to charge the jury that, if the dog was killed by the train, it was immaterial as to what part of the train struck the dog. In affirming the action of the trial court in refusing

this instruction we said: "Under these circumstances (that of a dog running under a moving train) it would not do to say that it was immaterial that cars following the engine killed it, for no lookout, however constant or effective, could have prevented the dog from running under the train. To hold otherwise would render a railroad company liable for any animal killed, regardless of the circumstances under which it was killed, and the law has never been so declared."

The judgment must therefore be reversed, and the cause will be remanded for a new trial.

MEHAFFY, J. (dissenting). As stated in the opinion by the majority, the question for decision is whether the undisputed testimony overcomes the presumption of negligence arising from the fact that the train had struck the dog.

It is true, as stated in the opinion, that Nelson testified that he took the engine and caboose and started backing up and saw the dog was standing between the tracks; and, as the caboose was passing the dog, it ran under the rear end and was run over, but it is perfectly plain from his own testimony that he did not see the dog run under, and that he could not, according to his own testimony, know whether the dog ran in front of the caboose and was killed or ran under the side. He says: "I saw the dog standing there as we started to pass, but was not looking at the dog when he started under." The dog was standing between the tracks four or five feet from the track on which this train was operated; was standing there when the train started. This witness also says that he did not stop to pay any particular attention to the dog. It appears from this witness' testimony that when he started the train up he saw the dog within approximately four feet of the track; that he did not look at it any more and paid no further attention to it. There is no testimony that he gave any alarm or did anything to prevent killing the dog or to frighten it away. If the brakeman told the truth, after seeing the dog, he paid no further attention

to it; did not sound any alarm; did not know whether the dog had started across the track or not, and did not testify to having done anything or having taken any precaution at all to avoid injuring the dog or to see whether it was going on to the track.

I agree with the statement in the opinion of the majority that the jury has no right to arbitrarily disregard the testimony of any witness, but I do not agree that it was arbitrary for the jury to disregard Nelson's testimony. There is nothing in the record to show that they disregarded it, either arbitrarily or otherwise. If everything Nelson told was true, it is not, in my judgment, sufficient to overcome the statutory presumption of negligence.

It is stated in the majority opinion that no fact or circumstance was offered in evidence which contradicts or conflicts with Nelson's testimony. Nelson's testimony does not undertake to show that any care was exercised at all, and while it is true that we have many times held that the jury cannot arbitrarily cast aside the testimony of any witness, it is also a well-established rule that the credibility of a witness and the weight to be given to his testimony is a question for the jury and not for the court.

In reversing this case, I think the court has passed not only on the credibility of the witness, but the weight to be given to his testimony. The majority opinion said that Nelson was keeping a lookout and keeping it efficiently. On the contrary, his own testimony shows that, if he saw the dog there, he paid no further attention to it, and if he looked out at all, there is no evidence tending to prove that he did. He doesn't say so, and no other witness testifies with reference to this matter. If he had been keeping a lookout, he would have been bound to see the dog when it started across the track. It may be that the brakeman could not have avoided killing the dog, but the testimony does not show this, and I think in this case that, the credibility of the witnesses and the weight to be given to his testimony being for the jury, the jury had a right to

determime whether the presumption of negligence was overcome by the testimony of the brakeman, who himself said that he paid no attention to the dog after he saw it between the tracks. *Mo. Pac. Ry. Co.* v. *Edwards,* 178 Ark. 732, 14 S. W. (2d) 230.

I therefore think that the case should be affirmed.

Justice HUMPHREYS agrees with me in this conclusion.