### HARDIN *v.* JESSIE.

Opinion delivered April 15, 1912.

1. HUSBAND AND WIFE—COVERTURE AS DEFENSE.—In an action against a married woman upon a promissory note an answer which alleges that she was a married woman at the time of the execution of the note, and that it was not made for her debt, nor in and about her separate property, trade or business, nor about a matter for which she could bind herself, states a good defense. (Page 249.)

2. SAME—COVERTURE AS DEFENSE—BURDEN OF PROOF.—When a married woman has only limited powers of contract, as, for example, only in connection with her separate estate or business, the burden of proof, in an action seeking to enforce liability against her, is upon the plaintiff to show that the contract was one which she had the power to make. (Page 249.)

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; reversed.

#### STATEMENT BY THE COURT.

This suit was brought by appellee against Ludy Arnold and C. E. Hardin, appellant, on a promissory note for $500, made January 5, 1906, and payable nine months after date to the order of appellee.

Appellant filed a separate answer, alleging that long prior to and upon the date of the execution of the note sued on she was a married woman and has ever since been; that the debt for which the note was given was not her debt, nor was it a debt contracted for her separate property, nor in or about her separate business, but that the debt for which it was given was the debt of Ludy Arnold, for the payment of which she could not be held liable.

The testimony shows that appellant was a married woman at the time of the execution of the note, and that she signed

same with her son; that it was given for Ludy Arnold's benefit to get money for him to run the farm, and that she signed the note as an accommodation to him, and had no other interest in the transaction or the money received.

There was some testimony tending to show that the note was given for the purchase price of a horse and a jack delivered to Ludy Arnold, and that appellant afterwards came into the possession of them and sold them. This testimony, however, shows that the money received from the sale was turned over to him, and appellant denied that the note was given for the purchase of the animals, or that they were purchased for her benefit or on her account.

The court refused to give appellant's instructions, and instructed the jury over her objection that she was liable if she executed the note and there was a balance due and unpaid at the time of the bringing of the suit, unless they should find at the time of the execution of the note that she was a married woman, and that the note was not given for her separate estate or her separate benefit, in which event they should find for her, and that the burden of proof to show these facts was upon her.

The jury returned a verdict against the appellant, and from the judgment she appealed.

*Otis W. Scarborough, Fred R. Suits,* and *McCaleb & Reeder,* for appellant.

1. The verdict and judgment are not supported by the evidence. The testimony both of appellant and Ludie Arnold is positive that she was merely an accommodation indorser, that she had no interest in the money or property for which the note was given, and that she was then and still is a married woman. None of these facts are disputed. It devolved upon the plaintiff to show that the note was given for her personal benefit, or the benefit of her estate. 66 Ark. 113. The jury had no right to arbitrarily reject her testimony that she had no interest whatever in the proceeds of the note. 142 S. W. 122; 53 Ark. 96; 67 Ark. 514; 80 Ark. 396.

2. The court errred in charging the jury that the burden of proof was on the appellant to show that she had no interest or estate in the property. When, under the state of the pleadsings, it was shown that she was a married woman at the time

she signed the note, and that she signed it as surety, the burden shifted to the plaintiff to show that it was given on account of her separate estate. 66 Ark. 113, 117, and cases cited; 21 Cyc. 1567, and note 81.

*Stuckey & Stuckey,* for appellee.

The burden of proof was on appellant on her plea of coverture, to show that her promise to pay was not made concerning her separate business and estate. 52 Ark. 239; 56 Miss. 237; 10 Enc. Pl. & Pr. 272; 8 Daly (N. Y.) 217; 89 Ark. 357; 64 Ark. 387.

KIRBY, J., (after stating the facts.) The contention is that the court erred in instructing the jury that the burden of proof rested upon appellant to show that the contract was not one that she was authorized by law to make. Our statutes have enlarged the rights of married women beyond those enjoyed by them under the common law where as a general rule their contracts were void and could not be enforced in courts of law. This court has frequently construed the statute and been careful to protect them from injustice and imposition in respect to contracts made by and with them.

In *Sidway* v. *Nichol,* 62 Ark. 152, the court said: "These laws do not give the wife power to contract generally. Her note, given as surety for the debt of another, would not bind her, or be enforced against her property. But they do give her power to contract in reference to her services, her separate estate, and in respect to a separate business carried on by her. * * * Our conclusion is that a married woman has, under our law, the right to purchase personal property or borrow money for her separate use, and that the property purchased or money borrowed becomes her separate property. Her contract to pay for the same is a contract in reference to her separate property, and creates a personal obligation, valid in law and in equity, and this without regard to whether she owned any additional property or not." Citing cases. *Hickey* v. *Thompson,* 52 Ark. 238.

It has also been held that a complaint seeking to hold a married woman liable on a note and mortgage signed by her, which showed that she was married at the execution thereof and failed to show that said note and mortgage were evidence

of such a contract as she was competent under the statute to make, would not support a judgment by default against her, not stating facts sufficient to constitute a cause of action, the court saying:

"The statute does not give the wife power to contract generally, but authorizes her to contract with reference to her services, her separate estate and in respect to a separate business carried on by her. * * * The fact that the statute increases her power to contract does not raise a presumption, in the absence of evidence to the contrary, that a contract made by her comes within the exceptions. * * * And it is still necessary for a plaintiff suing upon a contract of the wife to state facts sufficient to show that she had the power to make it in order to show a cause of action against her." *Warner* v. *Hess*, 66 Ark. 117.

In this case, the complaint does not disclose that C. E. Hardin, appellant, was a married woman, nor a woman at all, for that matter, but her separate answer sets up the fact that she was a married woman at the time of the execution of the note and that it was not made for her debt, nor in and about her separate property or carrying on any trade or business, nor about a matter for which she could bind herself, and alleges a good defense. 10 Enc. of Pleading & Practice, p. 272; Kirby's Digest, § 5214.

It is clear from our statute that a married woman is not authorized to contract generally, and, from the decisions already cited, that when the complaint alleges a contract made by a married woman, it must also allege facts sufficient to constitute a cause of action against her under the statute, in which event, of course, the burden of proof would be upon the plaintiff. And it is also a general rule that when a married woman has only limited powers of contract, as, for example, only in connection with her separate estate or business, the burden of proof in an action seeking to enforce her liability is upon the plaintiff to show that the contract was one she had the power to make. 21 Cyc. 1567, and note. When appellant, after setting up in her answer the defense of coverture, had shown that she was a married woman at the time of the making of the note, she established a *prima facie* good defense to the action, which could be overcome only by testimony that the obliga-

tion was one she was authorized to make under the statute; and, notwithstanding it may be true that production of the note, with the proof of her signature thereto, entitled the plaintiff *prima facie* to recover, upon the ground that it was apparently upon its face the note of an unmarried woman, when it was shown in defense that she was a married woman at the time of the execution thereof, the presumption changed, and plaintiff's cause of action at common law was destroyed; and if he had one under the statute, he was entitled to prove it, but the burden rested upon him to do so.    *Downing* v. *O'Brien,* 67 Barbour (N. Y.) 582.

The court's instruction to the jury that the burden of proof was upon appellant to show that the note was not such a contract as she was authorized to make under the statute treated her as though the general rule of law was that married women were presumptively liable on all their contracts, and that they must show an exemption from such liability to establish a defense to such cause of action.    Such ruling, as was said in *Downing* v. *O'Brien, supra,* "cast the burden upon the defendant to prove a negative, and to make out affirmatively that she had no separate estate, and did not carry on any separate business, and did not make the contract in question for the benefit of her separate estate or business,'' and it was erroneous and decidedly prejudicial, and for the error the judgment must be reversed.

Appellee calls attention to two of our cases, in one of which, *Vandeventer* v. *Davis,* 92 Ark. 605, it was said that it was competent to prove by parol evidence that a married woman executed a note as surety, though her name appeared as a joint maker, but the burden of proof was upon her to establish this fact.  And in the other, *Hickey* v. *Thompson, supra,* that, "to the extent of her capacity to carry on a business on her sole account, she is subject to the presumptions in which the law indulges against those endowed with full capacity to act for themselves."

But it is to the extent only of her authorized capacity that she is subject to such presumptions.    In this latter case the notes sued on were executed by a married woman for money advanced and goods and supplies furnished to be used in a business carried on by her on her sole and separate account,

and it was said that the presumption was that the amounts were correct, but she was not estopped by the giving of the notes from showing that part of the amount was for a debt she could not legally contract, but that the burden of proving that fact was upon her under the circumstances.

This in no wise affects the question in this case, nor militates against the statement already quoted from *Warner* v. *Hess, supra,* that the fact that the statute increases her power to contract does not raise a presumption, in the absence of evidence to the contrary, that a contract made by her comes within the exception. Neither can it make any difference under what was said in the other case, as it was unimportant whether she signed the note as principal or surety, since she can not be held liable upon it unless it was a contract she had the power to make under the statute.

Since the case is to be tried again, it is well enough to say that the letters offered in evidence and held incompetent could have been admitted, notwithstanding they were of little probative value.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.