TRIBUE v. BROADDUS.

Opinion delivered February 3, 1913.

1.  ASSIGNMENT OF CAUSE OF ACTION—PARTIES.—When the right of the plaintiff in an action is transferred or assigned during the pendancy of the action, the assignee is not a necessary party, and the suit may be continued in the name of the assignor, or the assignee may be substituted as plaintiff. Sec. 6001, Kirby's Digest. (Page 421.)

2.  MARRIED WOMAN—PERSONAL LIABILITY ON NOTE AND MORTGAGE.— A personal judgment can not be taken against a married woman

who joins with her husband in executing a note and a mortgage to secure the same, on the mere showing of those facts. (Page 421.)

3. MORTGAGE—LIABILITY OF HEIR OF MORTGAGOR.—A personal judgment can not be rendered against the son and heir of a party executing a note and mortgage when it appears that the son did not sign the instruments. (Page 421.)

Appeal from Chicot Chancery Court; *Z. T. Wood,* Chancellor; modified and affirmed.

*N. B. Scott,* for appellant.

The evidence is against contention of appellee.

Appellee was not the owner of the note at the time of rendition of decree in his favor.

A personal decree was rendered against the widow, who signed note and mortgage, and record does not show that it was such a contract as she was competent to make. 66 Ark. 113.

Allen Tribue, Jr., did not sign the note, and no personal judgment could go against him.

*W. Garland Streett,* for appellees.

The note and mortgage sued on herein were not transferred to Meyer under the contract and assignment between Meyer and Broaddus, and same can not be altered or added to by parol. 67 Ark. 62; 71 Ark. 185.

The mortgage assigned and turned over to Meyer by its provisions, put him on notice that there was a prior mortgage.

Appellee owned the note when action was commenced, and it was optional with the assignee whether the cause should be continued in name of Broaddus or have himself substituted as plaintiff. Kirby's Digest, § 6001.

The personal decree against Julia Tribue was properly rendered, as one of the original makers of the note.

The personal decree against Allen Tribue, Jr., was improperly rendered, and no decree against him was asked.

SMITH, J.   Appellee was plaintiff below in a suit to foreclose a certain mortgage, dated February 15, 1906,

executed to him by Allen Tribue, Sr., and Julia Tribue, his wife, to secure a note for the sum of five hundred and six and 35/100 dollars. The complaint alleged that Allen Tribue, Sr., was dead and left surviving him his widow, Julia Tribue, and his son, Allen Tribue, Jr., and a daughter, named Jennie, as his only heirs at law, and that the daughter had conveyed to her brother, the defendant, all her interest in the land described in the mortgage. The complaint further alleged that prior to the death of said Allen Tribue, Sr., he executed to one A. Meyer, who was also made defendant, a mortgage upon said land and that the mortgage to Meyer was executed subsequent to the mortgage to appellee and that the lien was junior thereto. A copy of the note and mortgage were attached to the complaint.

The Tribues answered and denied all the material allegations of the complaint, and alleged that the note secured by the mortgage had been paid in full.

The defendant Meyer filed an answer and cross complaint in which he denied all the material allegations of the complaint, and alleged that appellee had sold him a mortgage, made by said Tribue, Sr., to said appellee, which is in date subsequent to the mortgage named in the complaint, and that at the time of the sale and transfer of this second mortgage, appellee stated that the debt secured by the prior mortgage, now sought to be foreclosed, had been paid except about nine dollars, and that, relying upon these representations, the said Meyer was induced to purchase this second mortgage. The evidence is conflicting and can not be reconciled, but the chancellor's finding accords with appellee's contention, and he decreed a foreclosure of the mortgage, and we can not say that the finding is against a clear preponderance of the evidence.

Appellant contends that the decree was erroneous, because at the time of its rendition appellee was not the owner of the note sued on and secured by the mortgage ordered foerclosed. It appears that appellee was the owner of the note at the time of the institution of the

suit, but that he had sold and assigned it before the date of the decree.   The assignee was not a necessary party and it was optional with him whether he continued the suit in the name of appellee or had himself substituted as plaintiff.   Kirby's Digest, § 6001.

But it appears that a personal decree was rendered for the amount of the note and interest against both the widow and son of Allen Tribue, Sr.   It is conceded that this was error, so far as the son was concerned, for he had never signed the note, and we are of opinion that it was error, also, under the proof to render a personal judgment against Mrs. Tribue.   In the case of *Warner* v. *Hess,* 66 Ark. 113, it was held that "a complaint seeking to hold a woman liable on a note and mortgage signed by her, which shows that she is married, but fails to show that the note and mortgage are the evidence of such a contract as she is competent to make, is insufficient to support a judgment against her."   The proof here shows nothing except that Mrs. Tribue signed a note, evidencing her husband's debt, and joined with him in the execution of a mortgage on his land to secure that note. *Hardin* v. *Jessie,* 103 Ark. 246.

The personal decree against Allen Tribue, Jr., and Mrs. Tribue is therefore reversed and set aside and the decree of foreclosure affirmed.