McNEIL v. GARLAND & NASH.

STATUTE OF LIMITATION—*Burden of proof, etc.*—Where a plea of the Statute of Limitation, in bar of the right of action, is traversed, the burden of proof is on the plaintiff to show both a cause of action, and the suing out of process within the period mentioned.

SAME—*When runs against professional services.*—The claim of an attorney, for professional services, is not barred by the statute, so long as the debt which he seeks to recover for his client remains unpaid, or until final judgment thereon, unless the relationship sooner ceases by mutual agreement, or is otherwise dissolved.

RUNNING ACCOUNT—*What Constitutes.*—To constitute a running account there must be mutual credits between the parties, or an existing credit on one side, which constitutes a ground of credit on the other, or there must be an express or implied understanding that mutual debts shall be a satisfaction or set-off *pro tanto* between the parties.

APPEAL FROM PRAIRIE CIRCUIT COURT.

HON. JOHN WHYTOCK, *Circuit Judge.*

*Clark & Williams*, for Appellant.

*Garland & Nash*, for Appellees.

BENNETT, J.—Appellees brought suit against appellant, in the Prairie Circuit Court, for professional services as attorneys. Appellant's answer to the complaint contained what might be taken as a plea of payment and a plea of the statute of limitations. The appellees filed a replication to the plea of limitations, that the account sued on was a mutual, reciprocal and continuous running account with the defendant and that the last item therein was within three years next before the commencement of this suit.

Trial by jury and verdict for the plaintiffs.

The defendant moved for a new trial for the following reasons:

*First.* The verdict is not sustained by the evidence.

*Second.* The verdict is contrary to law.

*Third.* There was error in the law which occurred at the trial and was excepted to.

*Fourth.* Surprise, which ordinary prudence could not have guarded against.

As to the third cause, there was so much indefinitness about it as to render it entirely nugatory. And the fourth cause has no foundation in the record. What there was to surprise the defendant during the trial is hard to determine.

The only question that arises, on the first and second causes, is as to whether the demand, taken as a whole or as separate causes of action, was barred by the statute of limitations.

The demand, sued on, is an open account for services rendered to appellant, by appellees, as attorneys. The bill of particulars is in words and figures as follows, to-wit:

PHILLIP McNEIL, DR.                    To GARLAND & NASH.

| | |
|---|---:|
| Feb., 1866. Retainer and counsel.............................$ | 50 00 |
| July 15, 1866  Trip to his residence, two day's attendance to business................ | 200 00 |
| Aug. 28, 1866.  Prairie Circuit Court, Desmuke vs. McNeil................................. | 50 00 |
| Aug. 28, 1866.  McNeil vs. Hinton & Nichols......... | 50 00 |
| May, 1868.  Harris vs. McNeil.......................... | 150 00 |
| Total amount........................................... $ | 550 00 |
| CR............................................. $ | 50 00 |

When the statute of limitations is set up in bar of a right of action, by the plea that the action did not accrue within six years, which is traversed, the burden of proof is on the plaintiff to show both a cause of action and the suing out of the process within the period mentioned in the statute. 2 *Greenleaf on Evidence*, 384; *Hurst vs. Parker*, 1 *B. & Ald.*, 92; *Taylor vs. Spear*, 6 *Ark.* 382; *Guthrie vs. Field*, 21 *Ark.*, 386.

The suit was commenced the 3d of August, 1870.

The appellees proved, on the trial, that the services were rendered, as stated in the bill of particulars, except the first, but did not definitely prove the time of rendition. The dates of the items in the account are not conclusive upon either party. The plaintiffs had a right to prove that the services,

for which the charges are made, were rendered or concluded within three years before the suit was brought, although stated differently in the account current.

The statute of limitations does not commence to run against the claim of an attorney at law for professional services, so long as the debt which he seeks to recover for his client remains unpaid, or until final judgment therein, unless the relation of client and attorney sooner ceases by mutual or other agreement, or the professional relationship dissolved. *Angell on Limitations, p.* 136; *Foster vs. Jack,* 4 *Watt's R.,* 334; *McCoon et al. vs. Galbreath,* 29 *Penn.,* 293 ; *Hale's Exr's. vs. Lewis,* 11 *Texas,* 359; *Walker vs. Goodrich,* 16 *Ill.,* 341.

Taking the entry of the final judgment, in the case, as the usual termination of the relation of attorney and client, what does the proof disclose as to the facts?

There is no evidence whatever as to the first item as stated in the bill of particulars. As to the second, the testimony of witness, Bronaugh, is all the light as to the time of performance ; he says : "Sometime in the year 186—, Mr. L. B. Nash, of the firm of Garland & Nash, came through Brownsville, Prairie county, Arkansas; when he met with him he (Nash) stated he was going to the residence of McNeil to attend to some business for him. Witness did not remember at what season of the year it was. The next evening he (Nash) returned, on his way back to Little Rock." ·

This was all the testimony as to the time when the services, as charged in the second item, were performed. Even admitting that they were performed, as stated in the bill of particulars, there is no proof of the time of rendition, and if the time, as stated, is the correct time of rendition, this item was barred by the statute of limitations. This all applies to the three next items. As to the last one, the appelles, in addition to the general testimony applicable to others, introduced the record and final entries in the cause of McIntosh for the use of *Harris vs. McNeil,* in the Prairie Circuit Court, wherein it appears that the final judgment in the

case was rendered on the 8th day of May, 1867. Another judgment, as appears from the record, was entered up in the case of *McNeil vs. McIntosh*, on the 12th day of October, 1869. This case was not stated upon the bill of particulars, nor was it proven to have been attended to by Garland & Nash. The last item, then, was the only one that came within the time prescribed by law for the prosecution of such suits. But it is claimed by the appellees that this was a mutual, running account, of such a nature as comes within the rule that items within three years draw after them other items beyond that period. This, we think, is erroneous.

To constitute such an account there must be a mutual credit, founded on a subsisting debt on the other side, or an expressed or an implied agreement for a set-off of mutual debts. *Angell on Lim.*, 138, and authorities there cited.

A natural equity arises when there are mutual credits between the parties, or when there is an understanding that mutual debts shall be a satisfaction or set-off, *pro tanto*, between the parties.

The only thing the appellees can claim that their account was a "mutual open account current," was the fact of the payment of fifty dollars by the appellant. But it has been well settled, that when payments have been made by one party, for which credits are given by the other, it is an account without reciprocity and only upon one side. *Angell on Lim.*, 138; *Ingraham vs. Sheward*, 17 *Serg. R.*, 347; *Prenalt vs. Runyon*, 12 *Ind.* 174; *Peck vs. N. Y., etc., Steamship Co.*, 5 *Bos. N. Y.*, 226; *Weatherwax vs. Cusomnes & Co.*, 17 *Cal.*, 344. The items, in the account before us, are all on one side, there being none on the other, except a credit of payment. We think the term "mutual open account current" means something more than charges on one side and credits of payment on the other.

There being no mutuality in the account between the parties, the statute cuts off so much as accrued more than three years before the commencement of the suit, unless otherwise taken out of its operation.

In a review of the whole case, the verdict of the jury was not warranted by the law and evidence; therefore it is reversed, the cause remanded with instructions to sustain the motion for a new trial, and proceed with the case in accordance with law.