## LEIGH *v.* EVANS.

### Opinion delivered April 17, 1897.

STATUTE OF LIMITATIONS—BURDEN OF PROOF.—Where the statute of limitations is pleaded on a claim against an administrator, the burden is upon the plaintiff to show that his claim is not barred.

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

*Henry Moore,* for appellant.

Where the complaint shows on its face that the cause is barred, a demurrer to same should be sustained. 31 Ark. 684; 46 *id.* 438. More than three years had elapsed between the date of the last receipt and Leigh's death. The cause of action was barred. 128 U. S. 26. There is no evidence that Leigh received any money in his capacity as attorney for Evans; but if there was, the claim is barred. 10 Ark. 228; 25 *id.* 462; 29 *id.* 99; 11 Ark. 228.

*Scott & Jones,* for appellee.

The claim is not barred. 27 Ark. 343; 29 *id.* 90. As to the $1,000, Leigh was a trustee. Wood, Lim., §§ 200, 213. There is no proof that the trust was ever repudiated. 52 Ark. 76.

BATTLE, J. Cassius Leigh died on the 7th of September, 1893, intestate. On the 21st of September, 1894, Thomas J. Evans, as administrator of A. T. Evans, deceased, presented a claim against his estate to his administratrix, in which he was charged in words and figures as follows:

"The Estate of C. Leigh, Deceased,

>    To Thomas J. Evans, as Administrator of
>    the Estate of A. T. Evans, Deceased, Debtor.

"1.   To this sum paid to C. Leigh, to be credited in payment of claims probated in the Lafayette probate court against the estate of A. T. Evans, deceased, in favor of said Leigh, as per his receipt therefor, dated December 13, 1887, now on file in said court.........$   600

"2.   To this sum paid to C. Leigh, to be credited in payment of claims probated in the Lafayette probate court against the estate of A. T. Evans, deceased, in favor of said Leigh, as per his receipt therefor, dated December 27, 1888, now on file in said court.........   600

"3.   To this sum paid to C. Leigh, to be credited in payment of claims probated in the Lafayette probate court against the estate of A. T. Evans, deceased, in favor of said Leigh, as per his receipt therefor, dated January 31, 1890, now on file in said court..........   745

"4.   To this sum paid C. Leigh, to be applied in payment of balance due on claims probated in Lafayette probate court against the estate of A. T. Evans, deceased, in favor of said Leigh, as per his receipt therefor, dated April 27, 1890, now on file in said court....   730

"5.   To this sum, the proceeds of certain lands belonging to the estate of A. T. Evans, deceased, sold by said Leigh at public sale in December, 1887, under and by virtue of a certain mortgage executed by said Evans during his lifetime to said C. Leigh, and as yet unaccounted for...............................   1.000

"To this sum (of) interest on the foregoing $1,000 at the rate of 6 per cent. per annum from February 15, 1888 ............................................   395

>    "Total debits ........................$ 4,070"

—And credited him with various amounts, aggregating the sum of $2,485, and showed a balance against him in the sum of $1,585. The claim was disallowed by his administratrix, Mrs. Leigh, and was thereafter filed in the Lafayette probate court for allowance. The administratrix filed an answer, deny-

ing the indebtedness, and pleading the three-years statute of limitations in bar. The probate court allowed $1,562.41 of the claim, and the defendant appealed to the circuit court. On the appeal the claim was submitted, upon the evidence adduced, to the court sitting as a jury, and the court found that the defendant was indebted to the plaintiff in the sum of $1,560.41 and interest thereon from October 30, 1894, and that the claim was not barred by the statute of limitations.

Upon the plaintiff was the burden to show that his claim was not barred by the statute of limitations. *McNeil* v. *Garland*, 27 Ark. 343; *Carnall* v. *Clark*, *Ib*. 500; *Railway* v. *Shoecraft*, 53 Ark. 96.

The circuit court found that the claim was "not barred, because the deceased, Cassius Leigh, had the above amount of plaintiff's money in his hands as attorney for plaintiff." The evidence shows that Leigh was the attorney of the plaintiff, and made his settlements with the estate of his intestate in the probate court until he died. But it is not the duty of an attorney to take possession of his client's property; nor does the evidence in this case show that Leigh did so. He did, however, receive many sums of money from the plaintiff. But there is no evidence as to the capacity in, or the purpose for, which he received them, with one exception, except his receipts, and they show that he received them in payment or part payment of various claims allowed in his favor against the estate of plaintiff's intestate. The exception to this rule is the fifth item of plaintiff's account against him, the sum of $1,000. The evidence in respect to that item shows that A. T. Evans, in his lifetime, executed to Leigh a mortgage to secure the payment of certain debts which he was owing, and thereby empowered Leigh to sell the land mortgaged if the debts were not paid by a specified time. The debts were not paid according to the conditions of the mortgage, and Leigh, in the exercise of the power vested in him, and at the request of the plaintiff, sold the land. The proceeds of the sale, which amounted to $1,000, were not sufficient to pay the debts secured. These facts clearly show that he was not acting for plaintiff, but in his own right, and that the $1,000 were collected for his own benefit, and held by him adversely to the estate of Evans. We therefore find no evi-

dence in the record in this court sustaining the findings of the circuit court as to the statute of limitations. Plaintiff's claim, so far as it purports to be a statement of facts, shows to the contrary.

Reversed and remanded for a new trial.

WOOD and RIDDICK, JJ., dissent.