WATKINS *v.* MARTIN.

Opinion delivered May 11, 1901.

1.  STATUTE OF LIMITATIONS—BURDEN OF PROOF.—Where the statute of limitations is pleaded in an action on an account, the burden is on plaintiff to show that his action is not barred. (Page 312.)

2.  JUDICIAL NOTICE—FORMER ACTION.—The fact that an indorsement of the clerk upon a complaint in an action shows that the same complaint was filed in a previous action will not be judicially noticed in the pending suit. (Page 313.)

3.  STATUTE OF LIMITATIONS—BURDEN OF PROOF.—Where, to rebut the defense of the statute of limitations, plaintiff relies upon the fact that two actions were brought by him on the same cause of action, of which one was brought within time and nonsuit taken, and the other was brought within one year thereafter, the burden is on him to establish such fact. (Page 313.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*Mark Valentine,* for appellant.

A married woman has free power to sell and convey her separate property as if she was a *feme sole.* Sand. & H. Dig., § 4940; Const. 1874, art. 9, § 7; 53 N. Y. 93. The power of attorney was the best evidence to show agent's authority. 52 Ark. 234. A principal, on being fully informed of one's act acting without authority for him, must disaffirm it in a reasonable time, or he will he held to have ratified it. 40 Wis. 431. A single act and

a single recognition of authority may serve the agency. 24 Minn. 269. Every new item on a running account draws with it all preceding items. 2 Mo. App. 580; 40 Iowa, 41. A married woman may contract through an agent for improvement of her real estate. 71 Ind. 159 A husband may act as such. 99 Ind. 469.

*J. H. Carmichael,* for appellee.

Our statute does not authorize married women to make executory contracts for future conveyances. 29 Ark. 658; 29 Ark. 346; 30 Ark. 612; 38 Ark. 31; 39 Ark. 120; 16 Cal. 533. Before the passage of act of 1893 a married woman's executory contract to convey land was void. 39 Ark. 357; 44 Ark. 112; 53 Ark. 109; 44 Ark. 153; 41 Ark. 169. The power of attorney was void. 41 Ark. 169. For what she did, unless for the benefit of her separate estate, she was not liable. 29 Ark. 346; 33 Ark. 266; 34 Ark. 32. Statute of limitations was sustained. 2 Ark. 14; 3 Ark. 532; 5 Ark. 309; 6 Ark. 456; 14 Ark. 27; 13 Ark. 316; 18 Ark. 53; 27 Ark. 292; 33 Ark. 828. The bill of exceptions does not profess to set out all the evidence, and the presumption is in favor of the judgment. 2 Ark. 33; 8 Ark. 429; 24 Ark. 602; 22 Ark. 179; 25 Ark. 334; 14 Ark. 298; 37 Ark. 57; 40 Ark. 185; 46 Ark. 67; 27 Ark. 395; 45 Ark. 240; 43 Ark. 451; 55 Ark. 126.

BATTLE, J. William M. Watkins brought this action against Francis C. Martin upon an open account for services rendered by him to the defendant. The defendant answered and denied the account, and, among other things, pleaded the three-years' statute of limitation in bar of plaintiff's right to maintain the action. The defendant recovered judgment, and the plaintiff appealed. The burden was upon the plaintiff to show that his action was not barred by the statute of limitations. *Leigh* v. *Evans,* 64 Ark. 26; *McNeil* v. *Garland,* 27 Ark. 343; *Carnall* v. *Clark, ib.* 500; *Railway* v. *Shoecraft,* 53 Ark. 96. He has utterly failed to do so.

Judgment affirmed.

WOOD, J., absent.

ON REHEARING.

Opinion delivered November 23, 1901.

BATTLE, J. The appellant moves for a rehearing in this cause, because the court, in holding that he failed to show that this action was brought within the time prescribed by the statute of limita-

tions, overlooked the fact that the indorsement of the clerk upon the complaint therein shows that it was filed in the Pulaski circuit court, and that the writ was issued, on the 9th day of November, 1894, and the fact that the last service for which he sought to recover compensation was rendered upon the 24th day of November, 1891.

The action was based upon an open account for services rendered. It was commenced on or after the 3d day of October, 1896. The indorsement of the clerk upon the complaint, showing that it was filed, and that the writ was issued, on the 9th day of November, 1894, was the day on which it was filed in another action, which had been dismissed. The trial court could not take judicial notice of what was done in the other or latter suit. *Gibson* v. *Buckner*, 65 Ark. 84, 86. That should have been proved. The three-years' statute of limitation having been pleaded in bar of the action, the burden of proof was upon the appellant to show when his cause of action accrued, and that the writ issued was sued out within the three years, or, if two actions were brought upon the same account, and one was dismissed before the commencement of the other, that the first was begun within the time, and that a nonsuit was suffered therein, and that the last was brought within one year after the nonsuit. Sand. & H. Dig., § 4841. But he did not make the proof or offer to do so.

The motion for rehearing is denied.