SWING v. ARKADELPHIA LUMBER COMPANY.

Opinion delivered May 10, 1909.

1.  LIMITATION OF ACTIONS—BURDEN OF PROOF.—In a suit by the trustee of a defunct mutual insurance company to recover from a policy holder an assessment duly levied upon the latter, the burden of proof is on the plaintiff to prove that the assessment was not barred by the statute of limitations.  (Page 397.)

2.  FOREIGN JUDGMENT—CONCLUSIVENESS.—An adjudication by a superior court of another State, whereby the amount of an assessment to be declared by a mutual insurance company was fixed, is conclusive upon policy holders, who were not parties, as to the amount of such assessment and the necessity therefor, but does not preclude them from litigating their liability for such assessment.  (Page 398.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Hardage & Wilson* and *Patterson A. Reece,* for appellant.

1.  The presumption of law is in favor of the jurisdiction of the Supreme Court of Ohio in making the decree of assessment against the policy holders of the insurance company and in appointing the trustee for its creditors.  28 U. S. 207; 5 McLean (U. S. Cir.), 167; 18 Ill. 133; 119 Ind. 103; 18 La. Ann. 682; 60 Md. 11; 62 Md. 198; 92 Mass. 488; 100 Mass. 411; 36 Minn. 177.

2.  The statute of limitations does not begin to run against

an assessment decreed by a court of competent jurisdiction until that decree has been made. A plea that such an assessment was barred before such decree was made is a collateral attack upon the validity of the decree itself, and a court's sustaining such a plea is a refusal to give full faith and credit to the judgment and decree of another State, and is in violation of the Federal Constitution, art 4, § 1 and 14th Amendment, § 1. 105 U. S. 143; 80 Ala. 159; 87 Ala. 619; 112 Wis. 614; 36 Fed. 824; 87 Miss. 516; 19 Fed. Cas. 23; 122 Ill. 630; 4 Blackf. (Ind.) 77; 107 Pa. St. 352; 60 Md. 39, 122; 81 Ga. 383; 62 Vt. 149; 13 Va. L. J. 91; 68 Cal. 353; 77 Minn. 325; 199 U. S. 228.

3. An assessment adequate for the payment of the liabilities of an insolvent corporation should be made by the court having jurisdiction to wind up its affairs, and such assessment is a new cause of action, independent of any assessment previously made by the directors of the corporation, or by the trustee for its creditors. Ohio R. S. § § 3650, 3634, 3651; 172 U. S. 269; 135 U. S. 523; 91 U. S. 56; 10 Gray (Mass.) 310; 9 Allen (Mass.) 319; 47 Fed. 428; 52 Fed. 529; 43 N. J. Eq. 522; 25 How. (N. Y.) 91; 44 Barb. (N. Y.) 155; *Id.* 117; 2 Ohio Dec. 197; 9 *Id.* 279; 172 Pa. 91.

4. The defense of the statute of limitations is an affirmative defense, and the burden of proving the facts that go to make up such defense lies upon the party pleading it.

*John H. Crawford,* for appellee.

1. The constitutional provision that full faith and credit shall be given in each State to the judicial proceedings of another does not preclude inquiry into the jurisdiction of the court in which the judgment is rendered over the subject-matter or the parties affected by it, or into the facts necessary to give such jurisdiction. 176 U. S. 356. It was incumbent on appellant to prove, not only the pleadings in the Ohio court, but also all the subsequent proceedings. 78 Ark. 246; 70 Ark. 343, 345; 47 Ark. 120.

2. Appellant is not authorized to sue to recover the liability involved in this action. No method is provided for the enforcement of the Ohio statute after the dissolution of a mutual company. Therefore, since the creditors were the real parties in interest, it devolved upon them, and not upon the trustee, to

enforce their rights in an action in their own names. Cook on Stock & Stockholders, 1 Ed., § 216; Rev. Stat. Ohio, § 3650. The statutory obligation to pay, on the part of the policy holder in this company, being immediate and primary, would be barred in three years after maturity of the obligations held by creditors against the company. Cook on Stock & Stockholders, 1st Ed., § 227 (g). In a suit upon a liability of a stockholder created by a statute, the bar is three years. Kirby's Dig. § 5064; 68 Ark. 433; 74 Cal. 167; 15 Pac. 670; 82 Cal. 653; 23 Pac. 62; 92 U. S. 509; 103 U. S. 442; 97 U. S. 171; 95 U. S. 628. Further, on the point that no interest in liability here passed to the trustee, see 12 Blatchf. 435; *Id.* 341; 12 Fed. 454; 69 Ark. 62; 4 Edw. Ch. 97.

3. If notice is necessary to set the statute in motion, then that requirement was complied with, as appears by the former secretary's admission that notices of assessments were given appellee each month. The burden was not on appellee to prove that the statute had run in its favor. 6 Ark. 382; 27 Ark. 343; *Id.* 500; 53 Ark. 96; 64 Ark. 26; 78 Ark. 246.

McCulloch, C. J. The Union Mutual Insurance Company, of Cincinnati, Ohio, was an incorporated mutual insurance company, and was disincorporated, on account of its insolvency, by a judgment of the Supreme Court of Ohio on December 18, 1890. The plaintiff, James B. Swing, was, by said court, on that date appointed as trustee for the creditors and policy holders of the company, and he instituted this action in the circuit court of Clark County on June 11, 1904, against the defendant, Arkadelphia Lumber Company, a former policy holder, to recover the amount of an assessment alleged to have been made by said Supreme Court of Ohio on the policy holders, pursuant to terms of the Ohio statute under which said company was chartered, to pay obligations of the company which accrued during the lifetime of the respective policies.

The facts are similar to those in the case of *Swing* v. *St. Louis Refrigerator & Wooden Gutter Co.,* 78 Ark. 246, wherein the same plaintiff sued another policy holder in this State, except that in the former case the policy held by the defendant therein expired May 1, 1890, whereas the policy held by the

defendant in the present case did not expire before the date of the judgment of disincorporation.

The defendant in this case pleaded, among other defenses, the statute of limitations in bar of plaintiff's right to recover the alleged assessment, and on the trial below the court held that the action was barred, and instructed the jury to return a verdict in favor of the defendant, which was done. This appeal therefore raises the sole question whether or not under the undisputed evidence the action was barred.

In the former case above cited this court said: "The insurance campany was disincorporated on the 18th day of December, 1890, by the Supreme Court of Ohio. Its directors, during its life, were authorized by the laws of Ohio to apportion its losses and expenses among its members, and to give notice of such apportionment; and thirty days were allowed in which to pay the amount so apportioned. This could have been done and the statute set in motion before the company was disincorporated. It was therefore necessary for appellant to prove that it was not done, in order to show that his action was not barred. The proceedings of the Supreme Court of Ohio alone were not sufficient to show that the action was brought within the time prescribed by the statute, because the statute might, in the manner indicated, have been set in motion before such proceedings were instituted." The statement of facts in the opinion in that case shows that the assessment or apportionment of liability was made by the Ohio court on June 11, 1901, the same as in this case.

The proof in the present case establishes the fact that the directors of the company made monthly assessments or apportionments of liability against policy holders up to the time of its disincorporation, but does not show the amounts of such apportionments. It also establishes the fact that the Supreme Court of Ohio made such an apportionment in March, 1896, but the amount is not shown.

It devolved upon the plaintiff to prove the several amounts of these prior apportionments and to prove that they were not included in the last apportionment made by the court, in order to show that the statute of limitations had not already been set in motion and the cause of action barred before the suit was instituted, for the statute was set in motion by the prior apportionment as to the amount so assessed or apportioned.

It is contended by counsel for plaintiff that, even if the directors made such assessments, and the Supreme Court of Ohio had made an assessment prior to the one which forms the basis of this action, this did not impair the power of that court to make the last assessment; and that to refuse to enforce the last assessment made by the Supreme Court of Ohio would be to fail to give full faith and credit to the judgment of that court. The case of *Swing* v. *St. Louis Refrigerator & Wooden Gutter Co., supra,* is decisive against that contention. The defendant was not a party to the Ohio proceedings, except constructively so through its representative, the insurance company which was disincorporated. No judgment was rendered against defendant except one fixing the amount of the assessment and declaring the necessity therefor. No other question was adjudicated, and the question of the liability for such assessment was left open for adjudication in any suit brought against an individual policy holder. *Swing* v. *Consolidated Fruit Jar Co.,* 74 N. J. L. 145; *Swing* v. *Karges Furniture Co.* (Mo.), 100 S. W. 662.

Having failed to show that the action was instituted within the statutory period of limitations, the plaintiff is not entitled to recover.

Judgment affirmed.