CULBERHOUSE *v.* HAWTHORNE.

Opinion delivered March 31, 1913.

1.  MORTGAGES—LIMITATION OF ACTIONS—BURDEN OF PROOF.—Where plaintiffs are the children of deceased, and bring an action in chancery to restrain the foreclosure of a mortgage executed by their parents, which mortgage is not barred on its face by the statute of limitations, the burden is upon plaintiffs to allege and prove facts sufficient to justify the court in granting the relief prayed. Kirby's Digest, § 3108. (Page 467.)

2.  MORTGAGE—FORECLOSURE—LIMITATION OF ACTIONS—BURDEN OF PROOF.— Where a husband and wife give their note and execute a mortgage to secure the same, in an action by their children and heirs, to restrain a foreclosure of the mortgage on the ground that the debt is barred, the burden is upon the plaintiffs to show that the debt is barred as to both of the mortgagors. (Page 466.)

3.  LIMITATION OF ACTIONS—MORTGAGE EXECUTED BY HUSBAND AND WIFE. —When a husband and wife give their note and execute a mortgage to secure the same, the right of the mortgagee to foreclose may be barred as to the husband by reason of the statute of nonclaim, but not as to the wife because no administration was had on her estate, and the mortgagee's right to foreclose is therefore not barred. (Page 466.)

4.  APPEAL AND ERROR—DECISION OF CHANCELLOR—PRACTICE IN SUPREME COURT.—Although the reasons upon which a chancellor bases his

decree are unsound, the decree will be affirmed if upon the whole · record the decree is correct. Chancery cases are tried *de novo* in the Supreme Court, on the record made below. (Page 468.)

Appeal from Craighead Chancery Court, Western District, *Chas. D. Frierson,* Chancellor; affirmed.

*Lamb & Caraway,* for appellant.

1. The claim was barred after March 22, 1910. Kirby's Digest, § 110; Act May 28, 1907, Acts 1907, p. 1170. It was barred by the statute of nonclaim. 92 Ark. 522; 94 *Id.* 60; Kirby's Dig., § 5399; 64 Ark. 317.

2. The act of 1911, p. 256, was not retroactive, nor did it revive a claim already barred. 6 Ark. 484; 63 *Id.* 573; 68 *Id.* 333; 115 U. S. 209; L. R. A. 70; 3 Pet. 30; 17 Wall. 570; 10 Ark. 516; 11 *Id.* 183; 90 N. C. 542; 8 Cal. 1; 91 Pac. 330; 57 Tex. 142.

*Hawthorne & Hawthorne,* for appellee.

1. The act of 1907, shortening the period of the statutes of nonclaim is unconstitutional. 45 L. R. A. 118; 65 Ark. 1; 29 Ark. 238; 92 *Id.* 522.

2. But if barred by nonclaim the trustee could sell · under the power of sale in the trust deed. 64 Ark. 317; 14 *Id.* 246; 94 *Id.* 60; 34 *Id.* 312; 94 *Id.* 613; 92 *Id.* 522; 3 S. W. 273.

3. The act of 1911 is retroactive, and it is within the power of the Legislature to restore a remedy and revive claims already barred by nonclaim. 31 Ark. 392; 22 *Id.* 535; 43 *Id.* 469; 34 *Id.* 312; 115 U. S. 620; 20 Wall. 137, 150; 58 Ark. 117; 90 *Id.* 600; 43 *Id.* 420; 34 *Id.* 312; 14 L. R. A. 59; 114 Mass. 155; 13 Ga. 306; 7 Cal. 1; 44 Pac. 451; 91 *Id.* 330; 32 Ark. 410; 75 S. W. 608.

*Lamb & Rhodes, amici curiae.*

The act of 1911 is not retroactive, but prospective. The Legislature can not revive rights barred by limitation. Cooley, Principles Const. Law (3 ed.) 359; 50 Me. 111; 5 Met. (Mass.) 400; 121 Mass. 558; 20 Am. Rep. 131; 1 Heisk. (Tenn.) 280; 13 Am. Rep. 5; 96 U. S. 595; 115 U. S. 620.

McCULLOCH, C. J. It appears from the pleadings and proof in this case that on June 13, 1907, Ben O. Hughes and his wife, Iola Hughes, jointly executed and delivered to the Union Central Life Insurance Company a promissory note for the sum of $1,000.00, for borrowed money, due and payable ten years after date, with interest at the rate of 8 per cent per annum from date until paid, evidenced by interest coupons attached to the principal note. On the same date said parties executed and delivered to J. R. Clark, as trustee, a deed conveying certain lands in Craighead County in trust to secure the payment of said notes, the deed containing a provision to the effect that if any installment of interest be not paid at maturity the principal note, and interest accrued thereon, should become due and payable at once for the purpose of foreclosing the trust deed.

Hughes and his wife both died prior to March 20, 1909, and on that date letters of administration were duly issued upon the estate of B. O. Hughes by the probate court of Craighead County, and the administration proceeded in due course to a final settlement of the estate. The claim of the Union Central Life Insurance Company, evidenced by the aforesaid note and interest coupons, was not presented to the administrator within the time prescribed by law, but was presented thereafter, before the close of the administration, and was disallowed on the ground that it was barred by the statute of nonclaim.

The precise date of the death of Mrs. Iola Hughes does not appear in the record, and it is not shown that there has been any administration upon her estate.

A foreclosure of said deed of trust was attempted by advertisement of the lands for sale on December 9, 1911, under the power contained in the deed; and appellants, who are children and heirs at law of B. O. Hughes, suing by their guardian, instituted this action in the chancery court to restrain the trustee and beneficiary from foreclosing said deed, on the ground that the same was barred by the statute of limitations.

On final hearing of the cause the court dismissed the complaint for want of equity, and plaintiffs appealed.

The statute, as it existed at the time of the execution of the deed of trust, provided that "in suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given." Kirby's Digest, § 5399.

This statute applied to suits for possession after sale under a power of attorney, as well as foreclosure suits in equity. *American Mortgage Co.* v. *Milam,* 64 Ark. 305; *Hill* v. *Gregory,* 64 Ark. 317.

In *Mueller* v. *Light,* 92 Ark. 522, where all the decisions of this court bearing upon that statute are referred to, it was held (quoting from the syllabus) that "where the mortgagor dies before the statute bar of five years applicable to the mortgage note has attached, the statute of limitation which applies to the mortgage is the statute of nonclaim," and that the right to foreclose is barred where the debt itself is barred by the statute of nonclaim.

The General Assembly of 1911 enacted a statute, which went into effect after the debt involved here was barred by the statute of nonclaim and prior to the commencement of this action, amending the former statute. It reads as follows:

"In suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. * * * Provided, that in all cases where any indebtedness has been or may hereafter be secured by any mortgage or deed of trust, such mortgage or deed of trust may be enforced or foreclosed at any time within the period prescribed by law for foreclosing mortgages or deeds of trust so far as the property mentioned or described in such deed of trust or mortgage is concerned; but no claim or debt against the estate

of a dead person shall be probated against such estate whether secured by mortgage or deed of trust or not, except within the time prescribed by law for probating claims against estates." Section 1, Act 260, Acts of 1911, page 256.

Learned counsel on both sides present, for decision, the question whether the act of 1911 can be given a retroactive effect so as to revive a debt already barred. But, as we are disposing of the case upon another theory, that question is not reached.

If it be conceded that the debt is barred as to the estate of B. O. Hughes, there is nothing in the record to show that it was barred as to Mrs. Iola Hughes, the other mortgagor, who not only joined in the execution of the mortgage, but who executed the note jointly with her husband. The statute of nonclaims never began to run so far as her estate is concerned, because there had been no administration thereon, and the debt is not barred as to her estate, even under the original statute before amended by the act of 1911. *A. R. Bowdre & Co.* v. *Pitts,* 94 Ark. 613.

The effect of our decisions construing that statute is, that, "when the debt is barred, the right to foreclose the mortgage is barred." *Mueller* v. *Light, supra.*

If the debt was not barred as to one of the mortgagors and obligors, then the foreclosure is not barred, even though the debt is barred as to the other obligor, because, under the express terms of the statute, if the debt is not barred entirely, the foreclosure is not barred. The debt itself may be barred as to one of the obligors, and not enforcible against him or his estate so far as any personal liability is concerned; but the debt being a lien upon the mortgaged property as long as it remains enforcible against any of the obligors, the lien remains in existence and can be foreclosed. In other words, as long as the lien subsists as to one of the parties, it necessarily subsists as to all.

There is no affirmative proof in the record showing whether or not the note was executed by Mrs. Hughes for

the benefit of her separate estate, so as to fall within her power as a married woman to contract. If it was for the benefit of her separate estate, she had the power to enter into the contract; otherwise, she did not have such power and the contract was void. *Crenshaw* v. *Collier,* 70 Ark. 5.

Where suit is instituted against a married woman upon contract executed by her, the burden is upon the plaintiff to allege and prove such a contract as she is competent to make. *Warner* v. *Hess,* 66 Ark. 113; *Harden* v. *Jessie,* 103 Ark. 246.

The rule is also well established by decisions of this court that, in a suit to recover money alleged to be due upon contract, where the plea of the statute of limitations is interposed, the burden of proof is upon the plaintiff to show that his action is not barred. *McNeil* v. *Garland,* 27 Ark. 343; *Railway* v. *Shoecraft,* 53 Ark. 96; *Leigh* v. *Evans,* 64 Ark. 26; *Watkins* v. *Martin,* 69 Ark. 311; *Swing* v. *Arkadelphia Lumber Co.,* 90 Ark. 394.

But neither of the above announced rules as to the burden of proof applies in the present case, for this is not an action instituted by the mortgagor to recover upon contract nor against the estate of a married woman to establish her liability for the debt. The plaintiffs have come into a court of equity to restrain the foreclosure of a mortgage which is not barred upon its face. It devolved upon them to allege and prove facts sufficient to justify the court in granting the relief for which they prayed. The statute places the burden of proof "on the party who would be defeated if no evidence were given on either side." Kirby's Digest, § 3106.

The plaintiffs allege in their complaint that the debt is barred as to the estate of B. O. Hughes, and they state facts sufficient to show that it is barred unless the act of 1913 is effectual to revive it; but there is no allegation at all with reference to facts concerning the estate of Mrs. Iola Hughes, the other obligor. Nor is there any proof at all as to the material facts on that point. The note and mortgage were introduced in evidence, and also

there is affirmative testimony to the effect that Mrs. Hughes executed the same, and in order to obtain the extraordinary relief of injunction against the assertion of an apparently valid lien, it devolved upon plaintiffs to prove all the facts essential to the relief asked. The decree of the chancellor was therefore correct and the same is affirmed.

ON REHEARING.    .    .

McCulloch, C. J.    It is said that we decided this case on an issue not presented below, and not within the pleadings. That is a mistake. Appellants were plaintiffs below and sought to restrain foreclosure of the deed of trust under the power of sale contained therein. It was alleged that the debt was barred by the statute of limitations, and the burden of proof was on the plaintiffs to establish that fact. The issue in the case was, whether or not the debt was barred, and every fact necessary to establish the statute bar, either as to B. O. Hughes or Mrs. Hughes, was within the pleadings. Plaintiffs' case failed because it was not shown that the debt was barred as to both of the mortgagors. The record does not disclose what reasons were argued before the chancellor as grounds for granting or denying the injunction, nor does the record show the chancellor's reasons for refusing to grant the injunction. He merely entered a decree dismissing the complaint for want of equity. If it be conceded, however, that the reasons upon which the chancellor based his decree are unsound, that affords no ground for reversing the decree, if, upon the whole record, it is correct. We try chancery cases here *de novo,* on the record made below, and render such decision as the chancellor should have rendered. If the correct result has been reached, but on the wrong ground, we affirm the decree. Plaintiffs chose the point of attack, and the record was made and closed before the case was presented to the chancellor. Upon that record we find that the correct decree was rendered, and it becomes our duty to affirm it.

There remains the question, which we do not find it necessary to decide now, whether, even if the proof had

developed the fact that Mrs. Hughes did not make the contract with reference to her separate estate so as to bind herself, the statute bar had attached against the foreclosure. The validity of her obligation as joint maker of the notes and as mortgagor is one question, and the bar of the statute of limitations is quite another. If there was a cause of action against her, it is unquestioned that it was not barred by the statute of limitations or by the statute of nonclaims, and since it is shown that she executed the notes and mortgage, it is a debatable question whether the foreclosure was barred even if it had been proved that Mrs. Hughes did not make the contract with reference to her separate estate.

In any view of the case, upon the record presented, the decree is correct, so the petition for rehearing is denied.