FELKER *v.* BOATMEN'S BANK.

Opinion delivered November 22, 1920.

1.  BILLS AND NOTES—VALIDITY OF NOTE OF BANK OFFICERS FOR ACCOMMODATION OF BANK.—A note executed by the officers of a bank individually is not invalid because the lender was advised by its makers that it was for the accommodation of the bank, and that it was executed in their individual names because they did not want the books of the bank to show the note as a liability; though it would be unlawful for the officers to omit to make entries in the bank's books showing that the note was a liability of the bank, their intention to violate the law would not invalidate the note unless the money was advanced by the lender to enable the makers to carry such purpose into effect.

2. BILLS AND NOTES—JOINT ACCOMMODATION MAKER—NOTICE OF DIS-
HONOR.—A joint accommodation maker of a note is primarily
liable under Neg. Inst. Law, § 29 (Acts 1913, p. 279), and it is not
entitled to notice of dishonor.

3. LIMITATION OF ACTIONS—NEW ACTION AFTER DISMISSAL.—A cause
of action on a note is not barred where an action was brought
on it within five years from maturity, where such action was
dismissed and a new action brought within a year on the same
cause of action.

4. LIMITATION OF ACTIONS—NEW ACTION AFTER DISMISSAL—PAROL
EVIDENCE.—Parol evidence is admissible to show that a new ac-
tion is based on the same cause of action that was involved in a
former action dismissed within a year of the bringing of the new.

Appeal from Benton Circuit Court; *W. A. Dickson,*
Judge; affirmed.

*Rice & Rice, John R. Duty* and *Dick Rice,* for appel-
lant.

1. The note was against public policy and void.
Acts 1913, pp. 462 to 497, especially § 37; 176 Pac. 245;
109 Fed. 421, 433-5; 21 *Id.* 299; 61 *Id.* 993; 145 U. S. 421;
176 Pac. 245; 174 U. S. 669.

2. The cause of action is barred by limitation.
Kirby's Dig., §§ 5083, 5069; 25 Cyc. 1315. See, also, 54
N. E. 200; 47 S. E. 336, 912; 30 L. R. A. 142; 66 N. Y.
385; 75 *Id.* 150; 11 Okla. 699; 23 Cyc. 1292.

3. Defendant signed the note as an accommodation
maker. Acts 1915, p. 279. No notice of dishonor was
given or protest made and the surety was discharged.
57 Ark. 437; 21 S. W. 1065; 125 *Id.* 107; 153 *Id.* 449; 195
*Id.* 589; Ann. Cases 1917 B, 835. The principal was dis-
charged by the election to look to the Bank of Rogers.
31 Cyc. 1578.

*E. H. Thomas* (Kansas City, Mo.), for appellee.

1. The suit was not barred. 69 Ark. 311; 77 *Id.*
382; 172 Fed. 738; 11 Ark. 344; 17 *Id.* 533; 22 *Id.* 103;
49 *Id.* 246; 109 U. S. 426; 133 *Id.* 553; 101 Fed. 94-5.

2. As an accommodation maker, appellant was lia-
ble. Daniel, Neg. Inst., § 1302. He was not entitled to
notice. Daniel, Neg. Inst., § 995b.

3.   No agency was involved and no election to look to the Bank of Rogers.

4.   The judgment is according to law for the right party and is sustained by the evidence.   The great weight of authority is against appellant's contention.   109 Fed. 421, 433-5; 236 *Id.* 316; 8 C. J., 722-3; 73 S. W. 893; 34 N. Y. Supp. 1054; 76 Am. St. 771.   The contract or arrangement was not contrary to our statutes.   182 Fed. 593-4; 174 *Id.* 86.

WOOD, J.   This is an appeal from a judgment rendered by the circuit court of Benton County in favor of the appellee against the appellant in the sum of $31,200, the judgment to bear interest at the rate of 8 per cent per annum from date until paid.   The facts are substantially as follows:

On April 2, 1914, W. E. Talley, president of the Bank of Rogers, W. R. Felker, its vice president, and George M. Jennings, who was interested in the bank, acting in pursuance of a resolution by its board of directors authorizing the president, vice president and cashier of the bank to borrow money and pledge its assets as security therefor, borrowed of the appellee the sum of $25,000, for which they executed their joint promissory note signed by them individually.  The note bore interest at the rate of 8 per cent. per annum from maturity until paid, and was due six months after date.   The note was secured by a deposit of $30,000 of the capital stock of the Citizens' Bank of Rogers, which was a part of the assets of the Bank of Rogers.   It was understood between the makers and the payee that the loan was for the use and benefit of the Bank of Rogers.  The vice president of the appellee, who negotiated the loan on its part, was notified that the makers were signing the notes as individuals because they "did not want it to show as a liability on the books of the bank," and appellee's vice president agreed that individuals should sign the note. Before the note was executed, the appellee required that W. R. Felker furnish it a statement of his individual as-

sets and liabilities, which was done. The appellee deducted six months' interest from the face of the note and placed the remaining proceeds to the credit of the Bank of Rogers, and that bank from time to time drew on such funds until July 16, 1914, when the Bank of Rogers failed. At that time appellee's books showed the sum of $3,250 as a balance of the proceeds of said loan to the credit of the Bank of Rogers, which sum the appellee credited on the note above mentioned.

On July 26, 1914, appellee notified the appellant that the collateral was not sufficient, and that, in pursuance of the provisions of the note, the appellant within twenty-four hours would have to furnish additional security. This was not done. Appellee then, in accordance with the provisions of the note, declared the same due and brought an action against the makers. Judgment by default was rendered against Talley and Jennings. The appellant answered and moved to transfer the cause to equity, which was done. On the 14th day of August, 1919, the appellee took a nonsuit, and on the next day brought this action in the circuit court on the note for the balance alleged to be due thereon. The appellant denied that he was due the appellee any sum on the note, alleged that the appellee had accelerated the maturity of the note and declared the same due on the 28th of April, 1914, and that the note was, therefore, barred by the statute of limitations. The appellant also set up that the note was without consideration and void; that he was an "accommodation endorser or surety" and that no demand had been made upon the Bank of Rogers, the principal; that the note was illegal and void because it was entered into under an arrangement between the appellee and the president of the Bank of Rogers, the object of which was to deceive the public and the Bank Commissioner of the State of Arkansas; that the arrangement was in fact a loan to the Bank of Rogers, which loan was not to appear on the books of that bank, nor the appellee bank as a liability of the Bank of Rogers, but as an asset;

that the note was made in violation of law, and was there-
fore void.

The appellant contends, first, that the note sued on
is void for the reason that it was executed in violation of
act 113 of the Acts of 1913, providing for the organiza-
tion and control of banks, etc.   Section 37 of that act
reads in part as follows:   "Every bank shall make to
the commissioner, whenever required by him, a statement
of its assets and liabilities as shown by its records at the
close of the business on the day designated * * * .   Such
reports shall be verified in case of a corporation by the
oath of either its president, vice president, cashier or
secretary, and in addition thereto it shall be attested by
not less than two directors."

Section 38 reads in part as follows:   "The reports
required by this act shall embrace the amount paid up,
capital, surplus, net undivided profits, deposits, bills pay-
able or bills rediscounted, and all other liabilities of
whatsoever character.   It shall also state the * * * cash
on hand and on deposit in other approved banks and
trust companies, subject to check, with the amount and
character of all other assets, together with such other
information as the commissioner may require."

Viewing the evidence in the strongest possible light
for the appellant, it only shows that the vice president
of the appellee was informed by the president of the
Bank of Rogers at the time the loan was being negotiated
that the makers preferred to make it an individual or
directors' loan, rather than a loan to the bank, because
they did not want the loan to show as a liability on the
books of the bank, and that the vice president of the ap-
pellee agreed that individuals should sign the note.   Now,
the appellee bank had the right to loan, and the makers as
individuals had the right to borrow, for the accommoda-
tion of the Bank of Rogers the amount of money evi-
denced by the note.   The makers of the note had a right
to deposit this sum with the appellee bank to the credit
of the Bank of Rogers.   This transaction violated no law

of Arkansas, and the note evidencing the contract was based upon a valid and valuable consideration. The appellee performed its part of the contract when it advanced the money and placed the same, at the direction of the makers, to the credit of the Bank of Rogers. The fact that the vice president of the appellee, at the time the loan was made, was told by the makers that they were negotiating the loan in their names because they did not want the books of the Bank of Rogers to show the note as a liability did not render the contract as to the loan illegal. This contract was complete when the money was advanced and the note executed. The purpose of the makers of the note to camouflage the books of the Bank of Rogers by making or omitting to make entries showing that the note was a liability of the bank, if carried into effect, would be a violation by them of sections 37 and 38 of act 113, *supra*. But this showed only an intent upon their part to do something in the future that would be illegal. Although the agent of the appellee was advised that such was their purpose, the testimony does not warrant the conclusion that the money was advanced by the appellee in consideration of such purpose, or to enable the makers of the note to carry such purpose into effect.

Section 24 of our banking laws makes it a felony for any person to knowingly or wilfully cause to be made any false statement or false entry in the books of any bank, or to knowingly subscribe to or exhibit false papers, or make or publish any false statement concerning the assets or affairs of any bank with the intent to deceive the commissioner or examiner. Even though it could be said that the contract evidenced by the note in suit was made with full knowledge by appellee that the purpose of the maker of the note was to make, or cause to be made, false entries on the books of the Bank of Rogers, in order to deceive the Bank Commissioner or examiner, nevertheless there is no provision in our

banking law rendering any contract void which has been entered into with such intent by its makers.

This case on the facts can not be distinguished in principle from the cases of *Hanover National Bank of City of New York* v. *First National Bank of Burlingame, Kansas,* 109 Fed. 421, and *Leonard* v. *State Exchange Bank,* 236 Fed. 316. It was held in those cases (quoting syllabi in the first case) that "where a statute commands certain parties to do, or prohibits them from doing, certain acts, and prescribes the penalties for their violation of its commands, courts may not inflict other penalties for its violation upon other parties, not named in the law, by the avoidance of their contracts. * * * One who has received the benefits of the performance by the plaintiff of a contract which was neither *malum in se* nor *malum prohibitum* can not successfully defend an action for the payment of his indebtedness arising therefrom on the ground that he intended to do some illegal act, which was neither a part of the consideration or of the performance of the agreement."

The appellant, as a joint accommodation maker, was primarily liable, under our law on negotiable instruments. Therefore, no notice of dishonor had to be given him. Act 81, § 29, Acts of 1913, p. 279; 3 Daniel on Negotiable Instruments, 95 B.

The appellant next contends that the appellee's cause of action is barred by the five-year statute of limitations. Under certain conditions expressed in the note, the appellee had the right to accelerate the payment, which it did by declaring that the note was due not later than the 28th day of July, 1914. On September 9, 1914, the appellee brought the original action on the note in the Benton Circuit Court. The cause, on motion of the appellant, was transferred to the chancery court, where it remained until the 14th day of August, 1919. At that time, the appellee suffered a nonsuit and on the 15th day of August, 1919, brought this action in the Benton Circuit Court. The court found from the pleadings in the orig-

inal suit and on oral testimony that the action pending in the chancery court, upon which nonsuit was taken, was the same as the present cause of action. The appellant's contention is that this could not be shown by oral testimony. The appellee introduced the clerk of the circuit court, who identified the pleadings in the original cause, and the court considered these in determining whether the two actions were based on the same cause of action, and also the testimony of Talley, the president of the Bank of Rogers, to the effect that he and appellant had executed only one note to the appellee and that the note sued on was the only one he knew anything about. This testimony was competent. The court was correct in finding that the appellant's cause was not barred by the five-year statute of limitations. Section 5083 of Kirby's Digest; *Bank* v. *Magness,* 11 Ark. 344; *Biscoe* v. *Madden,* 17 Ark. 533; *Walker* v. *Peay,* 22 Ark. 103; *Little Rock, M. R. & T. Ry.* v. *Manees,* 49 Ark. 248; *Smith* v. *McNeal,* 109 U. S. 426; *Glenn* v. *Liggett,* 135 U. S. 533. The above cases are cited in *Alexander* v. *Gordon,* 101 Fed. 91, 94, 95. See, also, *Watkins* v. *Martin,* 69 Ark. 311.

There is no error in the record. The judgment is therefore affirmed.