Rose *v.* Rose.

Opinion delivered October 19, 1931.

*McKay & Smith,* for appellant.

*Henry Stevens,* for appellee.

KIRBY, J., (after stating the facts). The principal question herein is one of fact, and a careful examination of the testimony does not disclose that the finding of the chancellor is contrary to the preponderance of the evidence. The complaint alleges that the mortgage and notes securing it were through a mistake of fact delivered to the appellee, the mortgagor and maker of the notes, and that they had not been paid; but no testimony was introduced attempting to explain how the notes and mortgage came into the possession of the mortgagor and maker, if they had not been paid, and the burden was upon appellant to prove his allegation of mistake, which he failed to discharge, and to overcome the presumption of payment attendant upon the possession of the past-due obligation in the hands of the maker. *Hollenberg* v. *Lane,* 47 Ark. 399, 1 S. W. 687; *Excelsior Mfg. Co.* v. *Owens,* 58 Ark. 556, 25 S. W. 868.

The notes and mortgage sued upon were not introduced in evidence, but others of different terms were introduced, the evidence tending to prove their execution, etc. The burden was on the plaintiff to show that the notes were not barred by the statute of limitations which was pleaded as a defense thereto. The notes were barred long since, according to their terms and date of execution, unless by partial payments the bar of the statute was removed, and the proof does not definitely show the fact of any partial payments on any of the particular notes or that such payments were credited thereon. The $600 that plaintiff paid at the bank and agreed to credit on the mortgage indebtedness when it was repaid by appellee, Mrs. Colvin, was not a charge against the lands mortgaged, and its payment could not constitute a partial payment on such mortgage indebtedness. *Alston* v. *State*

*Bank,* 9 Ark. 459; *Watkins* v. *Martin,* 69 Ark. 311, 65 S. W. 103; *Simpson* v. *Brown-Des Noyes Shoe Co.,* 70 Ark. 598, 70 S. W. 305; *Armstead* v. *Brook,* 18 Ark. 521; *State Bank* v. *Woody,* 10 Ark. 631; *Desha Bank & Trust Co.* v. *Quilling,* 118 Ark. 118, 176 S. W. 132, L. R. A. 1915E, 794.

It is insisted that H. A. Bryan was an incompetent witness, he being the husband of one of the defendants, a granddaughter of the plaintiff, and that the court erred in allowing the introduction of his testimony. This contention appears to be meritorious, but it is not necessary to pass upon the question, since we have already found from an examination of the whole testimony that the chancellor's finding is not contrary to the preponderance of the evidence.

The decree is accordingly affirmed.